## GILMAN *v.* REDDINGTON *et al.*

A trust to receive the rents and profits of real estate and apply them to
the use of the issue of the testator's infant children, for a period not
exceeding two lives in being, is not void because the beneficiaries are
not ascertained.

The statute (1 R. S., p. 728, § 55), does not forbid a shifting use for the bene-
fit, in case of the death of the primary beneficiaries, of persons unknown
or not in existence at the creation of the trust.

Nor, it seems, does the statute invalidate a trust which may permit the sale
of the real estate and the application of the proceeds to the use of such
unborn beneficiaries, within the duration of two lives in being.

A provision in a will that trustees in whom real and personal estate was
vested, should apply the rents and profits to the use of the testator's
infant children and their unborn issue for the lives of the two youngest
of three children, though by possibility two or more successive genera-
tions might enjoy the benefit for their lives, respectively, does not con-
travene the statute (1 R. S., p. 723, § 18), against the creation of suc-
cessive life estates, or of a remainder for life upon a term for years, in
favor of persons not in being.

The trustees were required to "pay, convey or make over" the real and per-
sonal estate upon the death of the two younger children or the expira-
tion of thirty years, to the survivors of such children or the issue then
living of such as might be dead, in equal proportions, the issue to take
the share of the parent, with a substitutional limitation in favor of other

persons: *Held*, that the children took a vested fee determinable as to each upon his dying without issue within the prescribed period. -

It does not invalidate the trust that it enables the trustees, in their discretion to apply the entire income and profits, or the estate itself, to the use of unborn posterity, to the exclusion of the testator's children.

It creates no illegal suspense of the power of alienation, that the executors after expiration of the trust term, may be required to retain in their possession real and personal property—the ultimate right to which has vested—for the purpose of paying the income to the widow for her life.

The will directed a certain portion of income to be accumulated, without restricting the period to the minority of the children. This provision being void as to the income after the termination of such minority, the surplus goes, *it seems*, to the children as presumptively entitled to the next eventual estate.

The action was commenced in the Court of Common Pleas of the city and county of New York, by Mrs. Hannah E. Gilman, to procure a determination as to the validity and construction of her deceased husband's will, and for a distribution of his estate. The testator died in February, 1853, leaving his widow, the plaintiff, and three children aged, respectively, one, three and five years, the youngest of whom died about a year later. By his will he gave some pecuniary legacies, and to his widow he gave the interest during life, or so long as she should remain single, on certain sums of money. The bulk of his estate, which was partly real, but principally personal, he disposed of in a residuary clause. At the original trial or hearing before Mr. Justice INGRAHAM, certain dispositions made by the will were adjudged to be void. His decree was modified on appeal to the general term of the Common Pleas, and the plaintiff appealed to this court. The defendants and respondents are the executors of the will, and the two surviving children. The executors were appointed by the will to be also guardians of the children. The residuary clause and such other parts of the will as are material, are set forth in the opinion of COMSTOCK, Ch. J.

*Charles O'Conor*, for the appellant.

*Paris G. Clark*, for the respondents.

COMSTOCK, Ch. J. The principal questions in the case arise under the residuary clause of the will. By that clause, the testator devised and bequeathed the residue of his estate, real and personal and mixed, to his executors in trust to "manage" and apply the same or the income thereof, or so much of the estate or income as they should see fit in the exercise of a sound discretion, to the education and support of his three infant children or such of them as should survive, or of the issue of any who might die, until the two youngest should attain the age of thirty years, or until those two. children should be dead, if they should die under that age; at which time the trust estate was directed to "be paid, conveyed or made over" to the said three children or such of them as should then survive, or to the issue then living of such as might be dead, in equal proportions, so that the issue might have the share of the parent. The clause then further provides that if all the children should be dead at the period of distribution without issue then living, the said residuary estate should go to the testator's widow and to his brothers and sisters and their issue in certain proportions specified. If the widow should be dead, then the brothers and sisters and their issue were to have the whole. The executors were appointed the guardians of the children with direction to take the care and superintendence of their education, and they were also directed to take the whole care of their property, and to keep it well invested for their benefit, with a discretion to invest not more than half in productive real estate. In no other part of the will was anything given to the children. The youngest of the children died after the death of the testator, at the age of two years.

The testator left a large personal, and a moderate amount of real estate, and both kinds were included in those dispositions, the validity of which is to be tested by the rules of the common law as modified by our statutes concerning "the creation and division of estates" in land: concerning "uses and trusts;" and by the statute relating to "accumulations of personal property, and to expectant estates in such property." In

respect to real estate, it is declared in these statutes that the absolute power of alienation shall not be suspended for a longer period than during the continuance of two lives in being at the creation of the estate. (1 R. S., p. 723, § 15.) In respect to personal estate, the provision of law is that the absolute ownership shall not be suspended by any limitation or condition for more than two lives in being at the date of the instrument containing such limitation or condition, or if such instrument be a will, for not more than two lives in being at the death of the testator. (1 R. S., p. 773, § 1.) The residuary clause in question, unless it be construed as containing by implication an authority to sell the real estate, suspends the power of alienation during the continuance of the trust (1 R. S., p. 730, § 65), and I assume that the same trust also suspends for a like period the absolute ownership of the personal estate. As to both kinds of property it will be seen hereafter that an absolute and perfect estate is not given to any person or class of persons in being at the death of the testator. But the trust is so constituted that it must terminate when two specified lives in being at the date of the will and at the death of the testator are spent, and it must terminate sooner, provided the two youngest children attain the age of thirty years, or provided either attain that age after the death of the other. So far, therefore, there is plainly nothing in the law of perpetuity which condemns this limitation in respect either to real or personal estate.

The general character or purpose of the trust is also lawful. In respect to the real estate, it is in substance and effect a trust to receive rents and profits and apply them in a course of expenditure for the education and support of the beneficiaries, or by way of accumulation (impliedly directed) for the ultimate benefit of the objects designated. Waiving at this time the question of accumulation, this is a valid trust, because it belongs to the class expressly permitted in the statute of uses and trusts. (1 R. S., p. 728, § 55.) Trusts in personal estate are subject to no statutory restriction : in other words the legislature has never attempted to define and enumerate the lawful

occasions for creating such trusts. They stand therefore, as at the common law, subject only to the statutory rule against the suspension of ownership for more than two lives. At the common law there is no doubt as to the validity of trusts like the one in question.

The statute above mentioned in relation to personal property. (1 R. S., 773), after prescribing the rule of perpetuity in the first section, declares, in the second, that in other respects limi-. tations of future and contingent interests in personal property shall be subject to the rules prescribed in the statute relating to future estates in lands; and those rules are contained in the article "of the creation and division of estates." (1 R. S., 721.) In the future consideration of the residuary clause, it will be convenient to regard its dispositions as though they related wholly to real estate. If, viewed in that manner, they are found to be valid, their validity certainly cannot be questioned so far as they relate to personal property.

It is urged then against the validity of this trust, that the rents and profits or income of the estate might, by possibility, be applied to the education and support of unascertained persons, to wit, the issue of any two of the children of the testator who might die during the trust term. The trust as we have said, must terminate on the decease of the two youngest children. But the eldest child and one of the two youngest might die leaving issue, while the other might survive and be under thirty years of age. In such an event, the testator provided for a succession, in favor of the issue, to the provision for education and support intended primarily for the parents. I think there is no objection to this provision. The statutory trust is "to receive rents and profits, and apply them to the use of *any person.*" If the person primarily designated dies during a trust term lawfully constituted in respect to its duration, there is nothing in the terms or policy of the statute which prevents the use from being shifted to some other object of a testator's bounty. Nor has it ever been held that the person or persons must all be named or in existence, and known at the creation of the trust. Such a construction would be

quite too technical and narrow. The law ought not to condemn a succession in favor of the unborn issue of a child who may die before the time which the author of such a trust has lawfully prescribed for its termination. Future and contingent limitations of real estate in favor of unascertained persons, and especially in favor of the issue expected to be born of a son or a daughter, are familiarly known to the law, and I am satisfied that our statute of uses and trusts does not exclude them where the interest beneficially given is in rents and profits, as in the case before us. The statute allows the application of rents and profits to the use of "any person" (§ 55), and this fairly includes a contingent limitation in favor of persons who are unascertained at the creation of the trust.

It is, also, a characteristic of this trust, that the executors may, in their discretion, apply not only profits and income to the education and support of the testator's children, and contingently of the issue of those children, but a like application may be made of the estate itself. This authority to apply the estate more appropriately refers to the money and personal property left by the testator. It can have no reference to the real estate, unless a power to sell for the purpose intended be implied, and the implication is certainly somewhat remote. If such a power can be inferred, then the trust in this particular feature is to sell lands for the benefit of legatees, which is among the permitted trusts (§ 55, sub. 3): and there can be no doubt that the beneficiaries or legatees under such a trust may be unborn issue, as well as persons in being and named in the instrument which creates it; regard being always had to the rule respecting perpetuities. If we consider this feature of the limitation as relating wholly to the personal estate, the proposition is still more plain.

Passing to another objection which has been urged, the statute "of the creation and division of estates" declares that successive life estates shall not be limited, unless to persons in being at the creation thereof. (1 R. S., p. 723, § 18), also that no estate for life shall be limited as a remainder on a term for years, except to a person in being at the creation of such

estate. (Id., § 21.)   On the argument it has been said that the residuary clause contravenes these provisions of law.   But this argument rests upon a misconception or misinterpretation of the clause itself.   First, as to the temporary dispositions during the continuance of the trust: these are a provision simply for education and support out of rents and income with a discretion in the executors to draw upon the estate itself for those purposes only.   Now while it is true that the education and support of a child must necessarily terminate with its life; and while it is true, also, that the issue would succeed to the same provision, if the parent died during the trust; and while in the nature of things the issue could enjoy such a provision only during life also, yet such a limitation does not create a life estate or any other estate in the property to which it relates. On the contrary, the whole estate is in the trustees, who are to make the application.   The statute of uses and trusts declares this to be so in respect to lands (1 R. S., p. 729, § 60), and as to money and personal property it is so by the rules of the common law.   Indeed, according to the plain sense of such a provision as we now speak of, resting as it does in the discretion of persons who are guardians and trustees, it creates, at most, only a special charge for purposes which may expand or contract, and it has no resemblance to a title or estate for life or for any other period.

In the next place, as to the limitation of the corpus of the estate, this is to take effect at the end of the trust, to be consummated by a conveyance of the land, unless a power to sell be implied for the purpose of equal distribution, and by a transfer of the personal fund.   Trusts to convey lands to a beneficiary are not enumerated in the statute of uses and trusts but they are valid as powers in trust where the purpose of the power is lawful. (§ 58.)   For the present purpose it is only material to observe that the estate is given entirely and not for life to the three children of the testator.   The limitation it is true, is of a future estate, to take effect in possession at the end of the trust term.   Until then the title is wholly in the trustees: I mean wholly during the term and as a temporary

estate.    But the future estate or remainder is in fee, and it vested in interest at the death of the testator, wholly in the three children.    According to the statute (1 R. S., p. 723, § 13), a future estate is vested when there is a person in being who would have an immediate right of possession on the ceasing of the intermediate or precedent estate.    The three children were in being at the death of the testator, and by the very terms of the devise would be entitled to the possession and enjoyment of the estate at the expiration of the trust.    It was, therefore, a present and vested devise of a future estate.    And, as I have said, the devise is in fee.    It is true that issue is mentioned in the limitation.    But to mention heirs or issue after a general devise, adds nothing to, and subtracts nothing from, such a limitation.    If a child should die during the trust term, leaving issue, such issue would take in succession to the parent under the canons of descent, and in like manner would be entitled to possession at the time appointed.    Yet the estate was not given to the children as a fee simple, absolute, because it is qualified by a conditional limitation in favor of the survivor, if any child should die during the term, without issue; and if there shall be no survivors or issue of survivors, then there is also a substituted limitation in favor of other parties.    The estate is, therefore, given to the three children as a base or qualified fee determinable as to each on a dying without issue within a prescribed period.    When that period is reached the condition will be gone, and the estate of the children or of any child surviving, will be perfect.    These principles are well settled by authority. (*Fosdick* v. *Cornell*, 1 Johns., 440; *Anderson* v. *Jackson*, 16 Id., 382.)

It follows from what has been said, not only that no successive life estates but no life estates at all were created by the residuary clause of this will; and the argument founded on the assumption that such was the effect of the clause falls to the ground.

The discretion vested in the executors to apply rents, profits and income, and the estate itself, to the education and support of the objects named, has also been mentioned as an

objection to the trust. We think there is nothing in this objection. The general purpose of the trust and the mode of its execution are clearly pointed out. The discretion relates to the amount of expenditure for the purposes indicated. This amount would depend on the varying exigencies which might be expected to arise in the situation of the persons intended to be provided for, and it was not only lawful but probably wise to repose a discretionary authority in the executors and guardian, who, it must be supposed, were selected with a due regard to the delicate nature of their trust.

Aside from the residuary clause the only other provisions of the will, upon which any question arises, are the following: The testator bequeathed to his widow during life, the income of five thousand dollars, to be invested in stocks of certain enumerated kinds, or on bond and mortgage; he also bequeathed to her during widowhood, two-thirds of the income of $20,000, to be invested in the same manner, with a discretion to invest one-half of the sum in productive real estate, and the other one-third of the income he directed to be invested and added to the principal. The principal of these two sums is not in terms further mentioned in the will. It is extremely plain, however, that they pass under the residuary clause, which follows the provisions here mentioned, and are subject to the dispositions in that clause contained.

Referring now to the whole residuum, including these two principal sums of $20,000 and $5,000, it is said that the ultimate limitation of it is too remote. That limitation is to take effect as we have seen at the end of the trust term, which, as we have also seen, is legally constituted in point of duration. If the primary disposition in favor of the testator's children shall then fail in consequence of the death of all of them without issue, the widow and the brothers and sisters of the testator and their issue will be entitled to take the estate immediately as substituted devisees or legatees. All contingencies cease at that time; the trust also terminates, and consequently there can be no further suspension of alienation or of ownership. The only question which can arise in this connec-

tion, relates to the two sums of money which are here spoken of. It may possibly happen that the trust term will come to an end by the death of the two youngest children, during the life or widowhood of the testator's widow. She will, nevertheless, continue to be entitled to her interest, and notwithstanding the general direction to pay over the estate to the parties ultimately entitled, it may be the duty of the trustees, in the event sup-. posed, to retain these moneys under their control until her right to interest shall cease. The will itself, perhaps, admits of this construction, and if so it amounts to a direction that the money be retained. The special trusts, however, contained in the residuary clause will have ended, and the trustees will continue to hold this part of the fund as executors merely. The inquiry is, whether these arrangements of the will render possible a suspense in the ownership of so much of the estate beyond the two lives which are the limit of the trust term. We think not. The question relates, it will be seen, to a principal sum the right or title to which must absolutely vest, at the termination of the trust, in the children or their issue, or in the substituted legatees. The estate, as we have already observed, will be no longer of a determinable character, but will be absolute. The possession of these sums of money will be postponed until the widow's right to interest shall no longer intercept its actual payment. Looking at the question then, as we must, from that point of time, the principal is in the nature of a remainder absolutely vested in interest, while the right to interest is in the nature of a present estate in the same sum of money. Now, a vested remainder in land is not in any sense inalienable, and a right in the nature of a vested remainder to money or personal estate is as absolute and perfect as any other right of property. The right now in question is perhaps still more analogous to a vested pecuniary legacy payable without interest at a future day. If gifts of that nature are held to create a suspension of absolute owner-ship, in the sense of the law against perpetuities, it would be necessary always to limit them in some form upon life. A vested legacy, payable in three years or at any other period not

depending on a life or two lives in being, would, in that view of the subject, be void. Plainly, such is not the rule of law.

The subject of accumulation has not yet been considered. In the clause of the will giving to the widow two-thirds of the income of $20,000, the other one-third is directed to be invested and added to the principal, and it goes with the principal into the residuum, no other disposition being made of it. Considering the amount and value of the residuary estate, it is probable that all the income will not be expended during the trust for the education and support of the children or their issue. In that event it will clearly be the duty of the trustees according to the will to accumulate the surplus, and this amounts to a direction for such accumulation. This direction is void so far as it includes any period of time beyond the minority of the children respectively, and the court below has so decided. The result, however, is not an absolute intestacy as to the surplus income after the minorities shall cease. The statute declares that "when in consequence of a valid limitation of an expectant estate there shall be a suspense of the power of alienation or of the ownership during the continuance of which the rents and profits shall be undisposed of and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." (1 R. S., p. 726, § 40.) This section relates immediately to the rents and profits of land. But the statute which has been cited, relating to personal estate and the accumulation thereof, it has been held, refers to and adopts the same rule. (1 R. S., p. 773, § 2; *Kilpatrick* v. *Johnson*, 15 N. Y., 322.) The children of the testator are presumptively entitled to the "next eventual estate" in both the real and personal property, and according to this rule the surplus income, after their minorities shall cease, will be payable to them without accumulation. The decree of the court below might very properly have so declared. But the widow only has appealed to this court, and she is not aggrieved by the absence of such a provision in the judgment which has been rendered.

Aside from the unlawful direction for accumulation, our conclusion is that the will is valid in all its parts and provisions. As we understand the final judgment below, it is in accordance with this conclusion except in one particular. It contains a clause declaring void the provision in the residuary clause which authorizes the income of the estate to be applied contingently to the education and support of the unborn issue of the testator's children during the trust term. We have shown that there is no valid objection to such a limitation. The executors, if they had appealed, might very properly have claimed a modification of the judgment in this respect. Although there is no appeal either by them or the children, yet the contingent rights of unborn issue are in question, and we think this court, in pronouncing a decision upon the general appeal of the plaintiff, ought to see that such rights are protected. The result is that the judgment should be reversed and amended as to the particular clause here mentioned: that in all other respects it should be affirmed.

All the judges (except SELDEN, J., who was absent) concurring,

Ordered accordingly.