JAMES BOIES and JOHN H. JONES, adm'rs &c. of William W. Boies, deceased, *appellants, vs.* ALDEN G. WILCOX and others, *respondents.*

A testatrix, by her will, devised as follows : " *Fourth.* I give, bequeath and devise to my son, W. W. B. in case he lives until he arrives at the age of twenty-one years, the remainder of all my property, both real and personal.   *Fifth.* In case my son W. W. B. dies under the age of twenty-one years, or during his non-age, then and in that case I further give and bequeath to my husband W. H. B. during the term of his natural life, the use and enjoyment of all the property, both real and personal, to which my son W. W. B. would be entitled, under this will, in case he should live until he arrives at the age of twenty-one years, and in case W. H. B. survives W. W. B. *Sixth.* In case my son W. W. B. shall die under the age of twenty-one years, and W. H. B. shall survive him, then from and after the decease of W. H. B. I give and devise the property, both real and personal, to which W. W. B. if he lives until he arrives at the age of twenty-one years will be entitled, under the provisions of this will, to the children of E. W., R. J. &c.   *Seventh.* I hereby give and bequeath to W. H. B. the entire management and control of the property, both real and personal, to which my son shall, by the provisions of this will, be entitled when he arrives at the age of twenty-one years, for the support, education and necessary use of W. W. B. while he is under the age of twenty-one years."   And she appointed W. H. B. testamentary guardian of W. W. B. and sole executor of the will.   W. H. B. died, during the minority of W. W. B.   The latter then died, an infant of the age of seven years, leaving no children, parents, brother, sister, grandparent or next of kin, except J. B. his paternal grandfather.

*Held,* that by the 4th and 7th clauses of the will the residuary estate of the testatrix vested, at her death, in W. W. B., subject only to be divested upon the happening of the contingencies specified in the 5th and 6th clauses,

viz: 1. the death of W. W. B. under the age of twenty-one years, and 2. The survivorship of W. H. B.

And that the death of the father in the lifetime of the son, prevented the happening of the only contingency by which the estate of the latter could be divested. And that W. W. B. having since died, the property went to his legal representatives, and not to the children of E. W., R. J. &c.

APPEAL from a decree of the surrogate of the county of Livingston, upon the final settlement of the accounts of Wilbur H. Boies, administrator, with the will annexed, of Maria A. Boies, deceased. The testatrix, Maria A. Boies, on the 25th day of October, 1854, made and executed her last will and testament, by which, after giving to her husband, William H. Boies, the sum of $2000 and certain articles of furniture, and to other persons small legacies, devised and bequeathed as follows : "*Fourth*. I give, bequeath and devise to my son, William W. Boies, in case he lives until he arrives at the age of twenty-one years, the remainder of all my property, both real and personal, which has not already been given and bequeathed by the foregoing provisions of this will and testament.

*Fifth*. In case my son, William W. Boies, dies under the age of twenty-one years, or during his non-age, then and in that case I further give and bequeath to my husband, William H. Boies, during the term of his natural life the use and enjoyment of all my property, both real and personal, to which my son, William W. Boies, would be entitled under this will in case he shall live until he arrives at the age of twenty-one years, and in case my husband, William H. Boies, survives the said William W. Boies, my son.

*Sixth*. In case my son, William W. Boies, shall die under the age of twenty-one years, and my husband, William H. Boies, shall survive him, then, from and immediately after the decease of my said husband, I give and bequeath and devise the property, both real and personal, to which my son, William W. Boies, if he lives until he arrives at the age of twenty-one years, will be entitled, under the provisions of

this will, in equal shares to the children of my uncle, Ezekial Wilcox, my aunt, Rolynda Johnson, and her two daughters, except that I give and bequeath to Alden G. Wilcox the sum of three hundred dollars more than equal share with the other children of the said Ezekiel Wilcox, the said Rolynda Johnson and her said daughters. And except that I hereby give, bequeath and devise to my brother, James Wilcox, an equal share with the children of my uncle, Ezekiel Wilcox, said Rolynda Johnson and her said daughters in the land now in the possession of my mother, Bernice P. Pearsoll, as her dower in the real estate of Roswell Wilcox, deceased.

*Seventh.* I hereby give and bequeath to my husband, William H. Boies, the entire management and control of the property, both real and personal, to which my son shall by the provisions of this will be entitled when he arrives at the age of twenty-one years, for the support, education and necessary use of my son, William W. Boies, while he is under the age of twenty-one years, and I hereby appoint my husband, William H. Boies, testamentary guardian of my son, William W. Boies, and also appoint my husband, William H. Boies, sole executor of this my last will and testament, hereby revoking all former wills by me made."

The testatrix died in the early part of the year 1855, and the will was duly admitted to probate by the surrogate, and letters testamentary were issued to William H. Boies, the executor named therein, who qualified and acted as such, until his death. On or about the 17th day of February, 1856, the said William H. Boies died, leaving the said William W. Boies, son of the testatrix, him surviving, and leaving a large amount of personal property, which belonged to the said Maria A. Boies, at the time of her decease, unadministered, and thereupon, Wilbur H. Boies, upon proceedings duly had before the county judge and surrogate, was duly appointed administrator with the will annexed, of the goods, chattels and credits of the said Maria A. Boies, deceased, and duly accepted the office of such administrator and qual-

ified as such. The said William W. Boies, son of the said Maria A. Boies, was her only heir and next of kin at the time of her decease. The said William W. Boies died April 15, 1860, and after the decease of the said William H. Boies, then being an infant of the age of seven years. Thereupon and on or about the 14th day of September, 1861, James Boies and John H. Jones, upon proceedings duly had for that purpose, were duly appointed by the said county judge acting as surrogate, administrators of all and singular the goods, chattels and credits of the said William W. Boies, deceased, and accepted the trust as such. After eighteen months had elapsed from the time letters of administration were granted and issued to the said Wilbur H. Boies as administrator, proceedings were duly instituted before the county judge and surrogate of the said county of Livingston, for the final accounting of the said Wilbur H. Boies, as such administrator, and such proceedings were thereupon had that the said county judge and surrogate on the 11th day of October, 1862, made a decree, by which it was ordered that the accounts of said administrator be and the same were finally settled and allowed as adjusted and filed by the said Wilbur H. Boies, administrator &c. And it appearing that there remained in the hands of the said administrator the sum of $497.24 in cash securities, and also certain lands valued at $1500, purchased by the said administrator on the foreclosure of a mortgage belonging to said personal estate, and which were to be regarded as personal estate it was further ordered that the said administrator pay from said moneys to Alden G. Wilcox the sum of $300, and that the balance of said moneys, together with the avails and proceeds of said lands when sold, be paid to Alden G. Wilcox, Joanna Woodworth, Oscar S. Wilcox, Ezekiel M. Wilcox, Roswell Wilcox, Roxana Wilcox, Althea Wilcox, Benjamin Wilcox, Rolynda Johnson and her two daughters, in equal proportions.

The said Alden G. Wilcox, Joanna Woodworth, Oscar S. Wilcox, Ezekiel M. Wilcox, Roswell Wilcox, Roxana Wil-

cox, Althea Wilcox and Benjamin Wilcox, in said decree mentioned, are the children of the said Ezekiel Wilcox, in the "sixth" clause or subdivision of said will mentioned, and the respondents in this appeal are the persons in said decree named, to whom the balance for distribution in said decree is decreed to be paid, and the same persons named as legatees in said "sixth" clause or subdivision of said will. They appeared before the said county judge and surrogate, upon the final accounting, and claimed the said balance, and the said James Boies and John H. Jones, administrators as aforesaid, appeared and claimed the balance as such administrators.

The legacies mentioned in the first, second and third clauses or subdivisions of said will were duly paid and satisfied before the said final accounting was held and the said decree made, and the property mentioned in said decree as the "balance for distribution," and therein decreed to be paid to the said respondents, is the same property, to wit: The personal property mentioned in the fourth, fifth and sixth clauses or subdivisions of the said will. The said William W. Boies died, leaving no father, mother, brother, sister, grandparent, or next of kin, except the said James Boies, who is the paternal grandfather and sole and only next of kin of the said William W. Boies, deceased. The decree of the surrogate was appealed from by James Boies and John H. Jones, administrators &c. of William W. Boies, deceased. They alleged that that portion of the decree which provided for the distribution and payment of the said balance to the respondents was erroneous, and that the said appellants were injured and aggrieved thereby. And they prayed that the said decree of the county judge and surrogate, so far as the same decreed the distribution of the balance of the estate, might be reversed, set aside and annulled.

*A. J. Abbott,* for the appellants.

*R. P. Wisner,* for the respondents.

*By the Court,* JAMES C. SMITH, J. I think the authorities sustain the position taken by the appellants' counsel, that by the fourth and seventh subdivisions of the will, the residuary estate of the testatrix vested, at her death, in the son, subject only to be divested upon the happening of the contingencies specified in the fifth and sixth subdivisions of the will, to wit: (1.) The death of the child under the age of twenty-one years, and (2.) The survivorship of his father.

The bare terms of the gift to the son, " *in case* he lives until he arrives at the age of twenty-one years," standing alone, would not warrant the construction above stated; but taken in connection with the provisions of the will constituting the father the testamentary guardian of the child, and conferring upon him the entire management and control of the property given to his ward, for the support, education and necessary use of the latter during his minority, they operate to vest the property in the son. It will be observed that the terms of the power are sufficiently broad to authorize the guardian to appropriate not only the interest, but also any portion of the *principal,* or even the whole of it, if necessary to the use of the legatee, *during his minority.* This disposition of the property must be considered an indication of the testator's intention that the legatee should at all events have the principal. (*Patterson* v. *Ellis,* 11 *Wend.* 259. *Burrill* v. *Sheil,* 2 *Barb.* 457, 462, 470–472.)

The death of the father in the lifetime of the son, prevents the happening of the only contingency by which the estate of the latter could be divested. The son having since died, the property goes to his legal representatives, who are the appellants.

Upon the happening of the same contingency, to wit, the death of the son under twenty-one, *and the survivorship of the father,* depended the estate of the respondents, and as that contingency has not happened, and never can happen,

they can never take.    (*See Wolfe* v. *Van Nostrand*, 2 *Comst.*
*Rep.* 436.)

The decree of the surrogate must be reversed, and the proceedings remitted to him, &c.

Ordered accordingly.

[MONROE GENERAL TERM, June 11, 1863.   *E. Darwin Smith, Johnson* and
*J. C. Smith,* Justices.]