THEOPHILUS ANTHONY, Executor and Appellant, *v.* JACOB BROUWER, Executor, &c., and Others, Respondents.

JOHN R. GILL and Others, Appellants, *v.* JACOB BROUWER, Executor, &c., and Others, Respondents.

*Legacy—Lapse by Death of Legatee—Next of Kin—Reversionary Interest.*

Where a legacy lapses through the death of a legatee during the lifetime of the testator, the subject-matter of the legacy, on the death of the testator, immediately vests in the next of kin, who, although a legatee under the will, takes absolutely the lapsed estate.

Where a reversionary interest in personal property is not disposed of by the will, it belongs to the next of kin of the decedent, who are entitled to the distributive shares of such unbequeathed interest at the death of the testator.

JAMES GILL, of Poughkeepsie, Dutchess county, died in February, 1856, leaving his last will and testament, which was executed in June, 1841.

At the time of executing his will, he had living two brothers, Theophilus A. and Thomas Gill, and two sisters, Sarah W. Anthony and Ann Gill. Theophilus A. Gill is not mentioned in the will. In and by his will he gives to his brother, Thomas Gill, his heirs and assigns, the one-third of his estate. The remaining two-thirds he gives to his executors, in trust, to convert the same into money, and invest, and to pay over the equal one-half of the income to his sister, Mrs. Anthony, during her natural life, and the other half of the income to his sister, Ann Gill, during her natural life.

And upon the death of either of the said sisters, the will directed the executors to pay one-half of the interest secured and payable to the one so dying to the surviving sister, during her natural life, and the other one-half thereof to be paid to the brother, Thomas Gill; and upon the death of the sister so surviving, the will directed the executors to pay over the whole of the said two

shares to his brother, Thomas Gill—and then comes the following expression:

"It being my intention by this, my will, that after the said annuities shall cease to become due and payable, that the said two-thirds, or remainder of my estate, shall go and belong to my said brother, Thomas Gill, to the exclusion of all my other brothers and relations."

Both Thomas Gill and Ann Gill died before the testator. The said Ann Gill died intestate, and the said Thomas Gill leaving John R. Gill, Robert T. Gill, Ann Gill, Elizabeth Gill, and Sarah W. Gill, his children and heirs-at-law.

On the first day of July, 1858, the executor had an accounting before the Surrogate, at which time a decree of distribution was made by the Surrogate, directing the said executor to distribute two-thirds of the amount in his hands, as follows:

One-third thereof to Theophilus A. Gill, the brother, one equal third part thereof to Sarah W. Anthony, the sister, and one-third part thereof to be equally divided, share and share alike, among the before-mentioned children of the said Thomas Gill.

The other one-third of the said estate, amounting to $1,978\frac{61}{100}$, the executor was directed to retain and invest, and pay over the interest thereof to the said Sarah W. Anthony, during her natural life, and at her death to be retained subject to the order of the Surrogate.

The said Sarah W. Anthony died in June, 1864, leaving a will in which her husband, Theophilus Anthony, was made executor.

On the 19th November, 1864, an accounting by the executor, Jacob Brouwer, as to the fund set apart to the said Sarah A. Anthony, was had, and a decree was then made by the Surrogate that the principal of the said fund, less the expenses of accounting and commissions, be distributed by the said executor equally between the said Theophilus A. Gill and the before-mentioned children of the said Thomas Gill.

On the 9th of July, 1858, when the said executor paid over to the distributors under that decree the share going to them, they each executed a receipt in the following form:

"NEW YORK, July 9, 1858.

"Received of Jacob Brouwer, executor, &c., of James Gill, deceased, three hundred and twenty-three dollars and ninety-five cents, in full for my distributive share, by the decree of which the foregoing is a copy."

These receipts were varied in amount, to meet the shares as distributed by the decree. From this decree of November 19, 1864, Theophilus Anthony, executor and trustee under the will of the said Sarah W. Anthony, took an appeal to the Supreme Court, and the children of Thomas Gill also took a cross appeal, and in their operation on the cross appeal they claim that the decree of July, 1858, was erroneous, assigning the errors; but it does not appear from the papers that any specific appeal was ever taken therefrom, and they do not now claim that any was. It seems, however, that the Supreme Court regarded them as having appealed, and dismissed the appeal as having been made too late; and that Court modified the decree of November 19, 1864, so far as to direct one-third of that fund to be paid to Theophilus Anthony, the executor of the will of Mrs. Anthony, one-third to Theophilus A. Gill, and one-third to the children of Thomas Gill, in equal shares.

From this decree, the children of Thomas Gill have appealed to this Court, and claim to review both decrees.

MASON, J.—If there was an appeal taken from the decree of July, 1858, it certainly was too late, as it was not made until after the decree of November 19, 1864—more than six years after the first decree was made.

The statute limits the right of appeal from such a decree of distribution on the final accounting to three months (2 R. S. 95, § 67).

The decree was final as to the distribution of the two-thirds of the estate, and the parties having given their receipts in full for their distributive shares of this estate, and acquiesced in that decree for over six years, cannot now question it.

. It cannot certainly be brought in review here, for no appeal has been taken from it. The appeal from the decree of November 19, 1864, cannot be regarded as bringing before this Court the decree of July, 1858.

The only question here for review is the decree of November 19, 1864.

There can be no doubt, it seems to me, that both the Surrogate and the Supreme Court were right in holding that, as Thomas Gill and Ann Gill died before the testator, their legacies lapsed; nor did it alter the rule that these legacies were to them, their heirs and assigns (Mowatt *v.* Carow, 7 Paige R. 328 ; Bishop *v.* Bishop, 4 Hill R. 138 ; Van Beuren *v.* Dash, 30 N. Y. R. 393).

It was expressly decided by this Court, in the latter case, that our statute to prevent lapses in devises in certain cases does not apply to collateral relatives.

The word descendant, used in this statute, is limited to issue in the legal sense.

The Surrogate most certainly erred in holding that the bequest of the life estate to Mrs. Anthony, excluded her, or rather, her next of kin, from any other interest in this one-third set apart for her use during life, than such life estate. The residue after the life use of Mrs. Anthony was, by the will, given to Thomas Gill, and as he died before the testator, this estate lapsed, and immediately vested in the next of kin, and Mrs. Anthony in her lifetime might have claimed the one-third absolutely as her own. Not that the will gave it to her, but that she was entitled to it as next of kin, because it was undisposed of by the will, and she was entitled to it under the Statute of Distributions.

The case of Hoes and others *v.* Van Hoesen (1 Barb. Ch. R. 379) is in point. That case decides that where a reversionary interest in personal property is not disposed of by the will of the testator, it does not necessarily belong to those who may happen to be his next of kin, at the termination of the particular estate or interest in such property which is bequeathed by him. But, as an interest in property undisposed of by the will, it belongs to the next of kin of the decedent, who were entitled to the distrib-

,utive shares in such unbequeathed interest at the death of the testator.

, This is upon the familiar doctrine, that where a legacy or bequest of personal property lapses, it immediately vests in the next of kin of the testator; subject to the use of the first taker, or to the execution of any valid trust, for the benefit of such person (24 N. Y. R. 9 ; 40 Barb. R. 286 ; 25 Wend. 119).

, It follows that the Surrogate was wrong in depriving Mr. Anthony, as the legal representative of the estate of his wife, of the one-third share; and the Supreme Court was right in modifying the decree in this respect.    There is no ground for the claim presented by these Appellants, the children of Thomas Gill, deceased.   They cannot bring their claim within the rule upon which they base it.   The expressions in this bequest, to Thomas Gill, his heirs and assigns, cannot upon any rule of construction be held to evidence the intention of the testator to provide a substitute for the legatee in case of his death.

, The bequest is not to Thomas Gill or his heirs, nor is it a case where we have a right, upon any rule of construction, to convert " and " to " or."

, There is nothing in the whole will from which any intention of the testator can be deduced to substitute the children of Thomas Gill, as his legatees, in the place of their father, should Thomas Gill die before the testator.

, The decree of the Supreme Court is most clearly right, and I advise that it be affirmed, with costs to the Respondents, to be paid by the Appellants personally.

BACON, J.—This is an appeal by John R. Gill and others, the children and heirs-at-law of Thomas Gill, deceased, arising upon the following facts :

, James Gill, deceased, the testator, had, at the time of executing his will in 1841, two brothers and two sisters living, viz. : Thomas Gill, Theophilus A. Gill, Ann Gill, and Sarah Wilhelmina Anthony, wife of Theophilus Anthony, one of the Respondents.

, Ann Gill and Thomas Gill both died before the testator, Ann

leaving no children, Thomas leaving him surviving five children, viz.: John R. Gill, Robert T. Gill, Ann Gill, Sarah W. Gill, and Elizabeth Gill, the Appellants herein.

The testator died February 26, 1856, and left him surviving, as his only next of kin and heirs-at-law, his brother, the said Theophilus A. Gill, his sister, the said Sarah Wilhelmina Anthony, and the said children of his deceased brother, Thomas Gill.

On the 26th day of June, 1841, he executed his last will and testament, which was admitted to probate May 5, 1856.

The testator, by his will, disposed of his property as follows:

First—He gave and devised to his brother, Thomas Gill, his heirs and assigns, one-third of his estate, real and personal.

Second—He directed his executor to sell the remainder of his estate, and to invest the proceeds with the remaining two-thirds of his personal estate, and to pay over one-half of the income to his sister, Sarah Wilhelmina Anthony, during life, and the other half to his sister, Ann Gill, during life.

Upon the death of either sister, he directed his executors to pay one-half of the interest payable to her so dying, to the surviving sister, and the other half to his brother, Thomas Gill.

Upon the death of the surviving sister, he directed the whole of the sum so invested to be paid to his brother, Thomas Gill.

And added after the above, the following declaration:

"It being my intention by this, my will, that after the said annuities shall cease to become due and payable, that the said two-thirds, or remainder of my estate, shall go and belong to my said brother, Thomas Gill, to the exclusion of all my other brothers and relations."

Theophilus A. Gill, a brother, was not named in the will.

Jacob Brouwer, the executor of said will, rendered an account July 1, 1858, and the Surrogate, by his decree entered that day, directed the executor—first, to invest one-third of the estate for the benefit of Sarah Wilhelmina Anthony, during life, and to

retain the same after her death, subject to the further order of the Surrogate's Court; and next, to distribute the one-third given to Thomas Gill, and the other of the remaining two-thirds, among the next of kin of the testator, it appearing that Thomas Gill and Ann Gill, legatees in said will named, both died before the testator.

On the 9th of July, 1858, a distribution was made under said decree, and all of the next of kin executed receipts in full for their respective shares.

Sarah Wilhelmina Anthony died on the 25th of June, 1864, leaving a last will and testament, which has been duly admitted to probate, of which her husband, Theophilus Anthony, is the sole acting executor, and to whom she gives all her property for life.

On the 19th of November, 1864, the Surrogate entered a decree, by which he directed said sum of $1,866.52 to be equally divided between Theophilus A. Gill and the children of the deceased brother, Thomas Gill.

From this decree, Theophilus Anthony, executor, appealed to the General Term of the Supreme Court, and the decree of the Surrogate was so far modified as to direct the payment of one-third of the sum of $1,866.52, remaining in the hands of the said Brouwer, as executor, to the said Theophilus Anthony, as executor of the last will and testament of Sarah Wilhelmina Anthony, deceased; one-third thereof to Theophilus A. Gill, and one-third thereof to the children of Thomas Gill, deceased, after first paying thereout the costs of the said Appellant, Theophilus Anthony, and the Respondent, Jacob Brouwer.

From this judgment the children of Thomas Gill have appealed.

By a careful attention to the facts in this case, which, owing to the various positions the parties occupy, are presented in a somewhat confused form, it will be seen that the only appeal before us is by the heirs of Thomas Gill, from the judgment of the Supreme Court, modifying the last decree of the Surrogate, and dismissing the appeal they attempted to take from the decree of the Surrogate made in July, 1858.

By that decree the executor was directed to retain one-third of the balance in his hands, and pay the interest thereof, during her life, to Sarah W. Anthony, the sister of the testator, in accordance with the directions of the will ; and of the remaining part, one-third was ordered to be paid to Theophilus A. Gill, a brother. of the testator, one-third to Sarah W. Anthony, and one-third to the children of Thomas Gill, deceased.

This decree was final as to the subject-matter embraced within it, and disposed of the whole fund, except the portion retained during the life of Mrs. Anthony, and which only was subject to ultimate distribution after her death.

In this decree all parties concerned acquiesced, and all executed receipts for the shares to which, under its provisions, they were entitled.

This distribution was made expressly upon the theory, in which all parties concurred, that the entire estate had lapsed, except the life estate in one-third in favor of Mrs. Anthony. Even if there was a misapprehension of the law, yet as all parties were present, and assented to the conclusion and order of the Surrogate, and acted in affirmance of it, they should not be heard subsequently to question it ; and especially after such a lapse of time, and after the funds had all been paid, and the executor, quoad hoc, had been discharged from his trust.

It might perhaps be true that if an application had been, immediately after the making of this decree, made to the Surrogate, to open it for reconsideration, upon a suggestion that the law or the facts had been misunderstood, or misconstrued, he would have heard and acted upon this suggestion, and opened the decree for further consideration or correction. This, it has been held, he had power to do (Dobke v. McClaran, 41 Barb. 491 ; Brick's Estate, 15 Abb. 36). But this was not done. Even if it was competent, and as the point does not necessarily arise, it is not important for us to express any opinion upon this point at this time.

But, as we have seen, all parties acquiesced in this decree of July, 1858 ; the executor paid the sums ordered, and the account,

with the exception of the money he was directed to retain, invest, and pay the income of, during Mrs. Anthony's life, was effectually closed. In June, 1864, Mrs. Anthony departed this life, and then the final accounting was had before the Surrogate, and he made the decree of November 19, 1864.

From this decree, in February, 1865, Theophilus Anthony, the husband of the deceased, Sarah W. Anthony, and who by her will was made the sole beneficiary of all her estate for life, brought his appeal to the Supreme Court, complaining that the Surrogate had committed an error, by depriving him, as the representative of his wife, of any share in the surplus remaining undistributed. Immediately upon this, in March, 1865, the heirs of Thomas Gill brought their appeal, and then, for the first time, attempt to overhaul the decree of July, 1858, and allege error in that decree, as well as in the decree of November, 1864.

This appeal was entirely too late, not only for the reason that, by their acts, they were estopped from questioning the decree, but because the statutory limitation of the right to appeal had gone by something more than six years. The appeal, therefore, so far as it sought to bring up for review the decree of July, 1858, was properly dismissed by the Supreme Court.

Upon the appeal of Theophilus Anthony, the Supreme Court corrected what they deemed to be an error in the decree of the Surrogate. He directed one-half of the entire fund, after the payment of certain expenses, to be paid to Theophilus A. Gill, the surviving brother of the testator, and the other half to the children of Thomas Gill, the Appellants here.

In this the Surrogate unquestionably erred. There is no intention expressed or implied in the will that the fund should be distributed to the heirs of Thomas Gill, to the exclusion of the testator's other brothers and sisters.

He had in one part of his will given one-third of his estate to Thomas, his heirs and assigns; and that portion they had received under the distribution in 1858. Then, after the life estate of Mrs. Anthony should determine, he directs the payment of the rest to Thomas Gill, without any words of succession or inheritance,

adding, to make the intent more certain and specific, "It being my intention by this, my will, that after the said annuities shall cease to become due and payable, the said two-thirds, or remainder of my estate, shall go and belong to my said brother, Thomas, Gill, to the exclusion of all my other brothers and relations."

Without insisting that these children would come under the description of "relations," and would thus be literally and explicitly excluded from participation in this residuary fund, we think the Supreme Court rightly adjudged that the testator made the bequest in the evident expectation that Thomas Gill would survive him, and intended to provide for that exigency, and that only.

There is no reference in that bequest to the children of Thomas, and not only no indication that it was intended they should take what had been designated as the portion of the father, but the strongest implications that the sole beneficiary was Thomas Gill, and upon his failure to take, that portion of his estate should remain undisposed of by the will.

The case comes precisely within the principle, and is governed by the rule recently adjudicated and applied by this Court in the case of Van Beuren *v.* Dash (30 N. Y. 393).

The principle which should have governed the final distribution being thus settled, the Supreme Court modified the decree of the Surrogate by directing that one-third of the fund should be paid to Theophilus Anthony, the executor and trustee of Sarah W. Anthony, one-third to Theophilus A. Gill, the surviving brother of the testator, and the balance to the children of Thomas Gill, in equal shares, after first paying thereout the costs of Anthony, and of Brouwer, the executor of James Gill.

The judgment was in all respects right, and should be affirmed, with the costs of the Respondents, Anthony and Brouwer, on this appeal, to be paid by the Appellants, the children of Thomas Gill.

All concur.

Affirmed.

JOEL TIFFANY,<br>
State Reporter.
