GEORGE STEVENSON, Guardian, etc., Appellant and Respondent, v. ALEXANDER M. LESLEY and others, Respondents and Appellants.

*Will — bequest — when interests under are vested — when legatees take per stirpes, and when per capita.*

Where a bequest was made to trustees, " in trust for my grandchildren, namely, the children of my son Alexander M. Lesley and the survivors of them, share and share alike, and the children of my daughter, Ellen J. Stevenson, deceased, and the survivors of them, share and share alike, to be paid and conveyed to each of said children respectively as they each become of age, in equal shares, and in the mean time the income of my said estate shall be applied to the necessary support and maintenance and education of each of said children under the care of " the executors appointed by the will.

*Held*, that the grandchildren acquired a vested remainder in the property on the death of the testator, and that the bequest did not violate the statute against perpetuity.

*Held*, further, that the grandchildren took *per capita*, and not *per stirpes*. (Brady, J., dissenting.)

Appeals from a judgment entered at the Special Term, decreeing that the trust created in and by the last will and testament of George Lesley, deceased, is valid and legal, as a trust of real and personal property.

And further decreeing, that the residue of the estate of the said testator devised to said Alexander M. Lesley and Merritt Trimble, trustees in and by said last will and testament, was intended by said testator to be divided and is divided by said will into two equal parts or moieties. That one moiety thereof is devised to said trustees in trust for the children of the testator's son, Alexander M. Lesley, the above mentioned infant defendants, and one moiety for the children of the testator's deceased daughter, Ellen J. Stevenson, the above mentioned infant plaintiffs.

This action was brought to obtain a judicial construction of the will of George Lesley, deceased. The only question passed upon at the General Term was as to the nature of the estate acquired by the grandchildren of the testator under the residuary clause of the will, which was as follows:

"And the rest and residue of my estate, both real and personal, after the paying and discharging the foregoing devise and bequests,

I give, grant, devise and bequeath to Alexander M. Lesley and Merritt Trimble, both of the city of New York, in trust for my grandchildren, namely, the children of my son Alexander M., and the survivors of them, share and share alike, and the children of my daughter, Ellen J. Stevenson, and the survivors of them, share and share alike, to be paid and conveyed to each of said children respectively as they each become of age, in equal shares.

" And in the mean time the income of my said estate shall be applied to the necessary and proper support, maintenance and education of each of said children under the care of my said executors."

*George Stevenson*, in person.

*Wm. C. Whitney*, for guardian of infant defendants

*Convers & Lyman*, for A. M. Lesley.

*Underhill & Ulshoeffer*, for Trimble.

DAVIS, P. J.:

I concur in the views of my brother BRADY, except as to the division of the residuary estate among the grandchildren of the testator. I think the legacies are given to them *per capita*, and not *per stirpes*.

First. The residuum is given to the trustees named *in solido*, in trust for the testator's grandchildren; no part or interest is given to either of the parents, and such parents are named only for the purpose of designating more particularly the grandchildren who are the objects of his bounty. The description is preceded by the phrase " namely," which of itself indicates only particularity of description, when it follows such general language as the testator first uses. In that mode he proceeds to point out the grandchildren intended, as, first, the children of his son, second, the children of his daughter; and the words share and share alike, in respect of each, as used in connection with the word survivors, indicates nothing further than an intention that the distribution shall be made amongst such of the grandchildren as survive the testator.

Second. But the language which follows the particular designation of the persons meant as his grandchildren, cannot be satisfied by any other interpretation than that which makes the legacies

equal *per capita*. It is as follows : " To be paid and conveyed to each of said children " (to wit, the children of his son and daughter), " respectively, as each becomes of age, in equal *shares*, and, in the meantime, the income of my said estate shall be applied to the necessary support, maintenance and education of each of said children, under the care of said executors." In this clause the children of his son and daughter are grouped together as a class constituting the grandchildren of the testator; and his bounty is plainly given to them, share and share alike, as such grandchildren, and not because they represent their respective parents. To my mind this is altogether the more reasonable and just construction, for the larger gifts to the son, which the testator bestows in other parts of the will, afford good reasons for equality amongst the grandchildren, rather than a continuance of the same spirit of partiality; and the whole will taken together shows that he knew how, and was careful to select his language when he meant to discriminate in favor of his son in bestowing his bounty; a selection of words which he has as carefully avoided in providing for his grandchildren.

The decree should be modified accordingly, and affirmed as modified.

DANIELS, J., concurred with DAVIS, P. J.

BRADY, J. :

The beneficiaries designated in the residuary clause of the will of the testator, which is as follows : " All the rest, residue of my estate, both real and personal, after paying bequests, I give, grant, devise and bequeath to Alexander M. Lesley and Merritt Trimble, both of New York, in trust for my grandchildren, namely, the children of my son, Alexander M. Lesley, and the survivors of them, share and share alike, and the children of my daughter, Ellen J. Stevenson, deceased, and the survivors of them, share and share alike, to be paid and conveyed to each of said children respectively as they each become of age, in equal shares ; and in the mean time the income of my said estate shall be applied to the necessary support, maintenance and education of each of said children, under the care of said executors," took a vested interest in the residuary

estate on the death of the testator; and such being the legal result, the statute against perpetuities was not violated.

The case of *Everett* v. *Everett* (29 N. Y., 39) is decisive of the question, and it is not necessary to discuss it. (See, also, *Gilman* v. *Redington*, 24 N. Y., 9; 1 Jarman on Wills, 760.) The time of payment over to the children, of each share, was deferred, not the vesting.

The learned justice was right, therefore, in the view he expressed of this branch of the case. He was equally correct in deciding that the testator intended to divide his estate *per stirpes* and not *per capita*. The children of his daughter were to have one moiety and the children of his son another. The son was to receive much of his father's bounty, as appears by the will; and by the codicil the testator gave to him and his heirs $10,000 in addition to all other provisions in the will, together with certain portraits and furniture, silver and silver plate. He thus increased the advantages extended to his son, and justifies the conclusion that whatever he designed should be enjoyed in excess of the moiety of his estate, should be carved out of it before the division could be made. It is not to be supposed that after his liberality to his son, he still farther intended to divide such residue between all his grandchildren share and share alike; he evidently designed that such residue should go in moieties, one to the children of his daughter and one to those of his son.

This was the natural and the just distribution of it, and one more likely to have prevailed in the scheme of the testator relative to the disposition of his property. Where there are no signs to lead to a different result, the natural order of things may be resorted to and adopted as the best elucidation of a testator's intention. " One touch of nature makes the whole world kin," is a sentiment which finds a universal response; and the dictates of humanity, the touch of nature, are not dispelled by the philosophy of the law. Whatever would be right should be the favored presumption, and therefore within the lawful intention of the testator.

The judgment should be affirmed.

Decree modified as directed in opinion of Davis, P. J. Costs of both parties to be paid out of the fund.