# SUPREME COURT.

J. WATTS DE PEYSTER agt. HENRY R. BEEKMAN and others.

*Trustee of personal property — who succeeds on his death — application for appointment of new trustee.*

The purposes of a trust of personal property stand as at common law, and are not limited by statute, subject nevertheless to the rule against the suspension of ownership for more than two lives (*Gilman* agt. *Reddington*, 24 *N. Y.*, 13; *vide note at end of this case*).

The fact that more than two ᵗcestuis que trust might enjoy the benefit of the trust for life, and that one of the designated beneficiaries was not in being at the time of the creation of the trust, does not invalidate it, when the duration of the trust could in no event extend beyond the *life of the creator of the trust.*

The executors, &c., of a deceased trustee of personal property succeed to the trust, and in case an application be made to appoint a new trustee, they are the proper persons to initiate the proceedings. It is not necessary that the creator of the trust should be notified of the application.

*Special Term, November*, 1877.

DEMURRER to complaint.

This action was brought for the purpose of obtaining an adjudication that a trust created by the plaintiff for the benefit of the plaintiff's son and his wife, and their issue, was terminated and ended, or for the appointment of a new trustee in the place of the one originally named, who had died. The plaintiff's son and wife had also died, leaving a son them surviving. It appeared that a new trustee had been appointed by the court upon the application of the executors, &c., of the deceased trustee, of which application no notice had been given plaintiff.

*Henry R. Beekman,* in person, and *David B. Ogden,* for defendants Livingston and another, in support of the demurrer.

*George H. Brewster,* of counsel for plaintiff, opposed.

VAN VORST, *J.*— The trust created by the agreement and settlement between the plaintiff of the first part, James F. De Peyster, as trustee for Frederic De Peyster, Jr., of the second part, and Frederic De Peyster, Jr., of the third part, by which a certain sum annually was provided and settled by the plaintiff for the support and maintenance of Frederic De Peyster, Jr., and his wife Mary, and of any issue born of the marriage, has not expired by force of any limitation contained in the instrument itself, for by the terms of the trust it can only terminate upon the death of the plaintiff.

The provision in favor of Frederic De Peyster, Jr., was to continue during the lives of the parties of the first and third parts, and in favor of Mary, the wife of Frederic, and the issue of the marriage, if such issue should survive Frederic, during the lifetime of the party of the first part.

The result is, that, although Frederic De Peyster, Jr., and his wife are both dead, the trust must continue in favor of the defendant, Clement L. De Peyster, the son of Frederic and Mary, the last surviving *cestui que trust,* during his life, if he should survive the plaintiff.

The provisions of the trust do not violate any statutory or other rule of law. It is a trust of personal property, and as such its purposes are not limited by statutes (*Gilman* agt. *Reddington,* 24 *N. Y.,* 13).

Such trusts stand as at common law, but subject nevertheless to the rule against the suspension of ownership for more than two lives. But there is no transgression of the rule in this case.

The trust does not violate the statute against perpetuities, for under no circumstances could it survive the plaintiff, who created it.

The fact that more than two *cestuis que trust* might enjoy its benefits for life, and that one of the designated beneficiaries was not in being at the time of the creation of the trust, does not invalidate it, as the duration of the trust in no event could extend beyond the life of the creator of the trust (*Woodgate* agt. *Fleet*, 64 *N. Y.*, 566; *Mannice* agt. *Mannice*, 43 *id.*, 303; *Gilman* agt. *Reddington*, *supra*). But the regularity and validity of the appointment of a new trustee by the order of the court, upon the death of James F. De Peyster, the trustee originally constituted, is called in question.

The complaint shows that the defendant Beekman was appointed trustee by the order of the court, made upon the petition of the executors of the last will, &c., of the original trustee, and without notice to the plaintiff.

The application by the executors was doubtless made upon the idea that the executors of the former trustee succeeded to the trust and were the proper persons to initiate the proceedings for a new trustee.

They were correct in this conclusion, the trust having relation to personal property (*Bunn* agt. *Vaughan*, 5 *Abb. Pr. R.* [*N. S.*], 269; *Bucklin* agt. *Bucklin*, 1 *Keyes*, 141). But the result would be the same if it should be held that the trust, upon the death of James F. De Peyster, devolved upon the court. No provision is made by statute as to who shall initiate the proceeding for the appointment of a new trustee. The court must be put in motion upon the application of some person having relation to the subject. The executors of the former trustee were, in such case, proper persons to bring the matter by petition before the court. The appointment, after all, must be made by the court.

An appointment made on the petition of the executors of a deceased trustee of real estate was sustained in *Clark* agt. *Crego* (47 *Barb.*, 599); *Clark* agt. *Crego* (51 *N. Y.*, 646). Although it was highly proper to have given the plaintiff notice of the application, still the omission to do so does not render the appointment of the new trustee either void or

De Peyster agt. Beekman.

irregular. It is a matter within the discretion of the court as to who shall be brought into the proceeding.

It cannot be said that the plaintiff was absolutely entitled to notice of the proceeding (*The Matter of Livingston*, 34 *N. Y.*, 555). In such proceeding the requiring the presence of all parties interested is one of convenience subject to modification and discretion (*In the Matter of Geo. W. Robinson*, 37 *N. Y.*, 261). The plaintiff was the creator of the trust; as such he has no interest in its administration, that concerns the *cestui que trust*, and the trust deed must control.

I do not see how the plaintiff can be at all injured by any action of the trustee. He is obliged, during his lifetime, to pay the amount provided for annually if the *cestui que trust* should live so long. Upon the death of either the trust terminates.

I must conclude that no cause of action is disclosed by the complaint, and that there should be judgment for the defendant on the demurrer. The question of costs will be determined upon the settlement of the order.

NOTE.— At the April special term, 1878, in the case of *Charles Tracy and others* agt. *Louisa Susan Wright and others*, in an application made to the court upon a complaint for instructions in regard to the administration of a trust, and the succession in, the case of a trust of personal property, the surviving trustee having died, the following opinion was delivered:

" VAN VORST, *J.*— This being by force of the will under consideration a trust of personal property, and the trust fund being wholly, in law and equity, personal property, the provisions of the Revised Statutes regulating the disposition of trust estates on the death of the trustee do not apply (1 *Rev. Stat., pp.* 730, 731). The trust, under the circumstances, does not fall upon this court (*Bucklin* agt. *Bucklin*, 1 *Abbott's Appeal Cases*, 242; *Bunn* agt. *Vaughan*, idem, 253; *Emerson* agt. *Bleakley*, 2 *Abbott's Appeal Cases*, 22). The functions of a trustee of personal estate devolve upon the executors of the last trustee. They execute the office of trustee by succession.

It must, therefore, be adjudged that the plaintiffs are the true and lawful trustees of the trust in succession to John Butler Wright, deceased, and hold and are to exercise all the rights, powers and duties of trustees under the will of James Bogart, deceased."