## *In re* Roos' Estate.

*(Surrogate's Court, New York County, Filed June, 1893.)*

1. WILLS—CONSTRUCTION—INCOME.

A testator, by the fifth clause of his will, provided for the investment during the lifetime of his widow of the surplus of his personal estate after carrying out the provisions of his will, and directed the division of the investment and its accumulations, together with his residuary estate, among certain designated persons upon the death of his widow. *Held*, that the provision was invalid, as involving an accumulation of the income and profits of personal property not authorized by 4 Rev. Stat. (8th ed.) p. 2516, pt. 2, tit. 4, c. 4, secs. 3 and 4.

2. SAME—PRINCIPAL.

Notwithstanding the illegality of the direction for accumulation of income, the provision for the ultimate division of the principal of the fund is not illegal.

3. SAME—INCOME.

The distribution of such accumulated income is provided for by 4 Rev. Stat. (8th ed.) p. 2435, tit. 2, art. 1, c. 1, sec. 40, declaring that when, in consequence of a valid limitation of an expectant estate, there shall be a suspension of the power of alienation or ownership, during which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate, and such section applies to personal as well as to real property.

4. SAME.

A provision in the will for the annual payment of $1,000 to the executors by certain devisees mentioned in the second paragraph of

testator's will does not, in itself, involve an unlawful, or any, accumulation, as such annual payments will go into the *corpus* of the residuary personal estate, unless otherwise appropriated for the lawful purposes of the will, and augment such *corpus* for investment and ultimate division and distribution.

Construction of part of will of Augustus Roos, deceased.

John B. Pannes, for executors; Deyo, Duer & Bauendorf, for Charles Roos and Frederick Roos (Robert E. Deyo, of counsel).

FITZGERALD, S.—The testator, by the fifth clause of his will, provides for the investment during the lifetime of his widow of the surplus of his personal estate after paying legacies and carrying out the provisions of his will, and directs the division of the "investment" and the accumulations thereof, together with his residuary estate, among certain designated persons upon the death of his widow.    The provision for investment for the purpose specified is invalid, as involving an accumulation of the income and profits of personal property not authorized by law. An accumulation of such income and profits is only allowed for the benefit of a minor, and must cease at the expiration of his minority.    4 Rev. St. (8th Ed.) p. 2516, pt. 2, tit. 4, c. 4, secs. 3, 4.    The illegality of the direction for accumulation does not vitiate the provision for the ultimate division of the principal of the fund.    That is valid.    The disposition of the surplus or accumulated income is provided for by the statute.    It declares that when, in consequence of a valid limitation of an expectant estate, there shall be a suspension of the power of alienation or ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate.    Id. p. 2435, tit. 2, art. 1, c. 1, sec. 40.    This section, although embraced in the title in respect to real estate, has been held applicable to personal as well as real property.    Kilpatrick v. Johnson, 15 N. Y. 322; Gilman v. Reddington, 24 N. Y. 19.    The parties

in the present instance who are entitled to the surplus or accumulated income by virtue of the provision of the statute cited are those among whom the residuary estate is to be divided, and they share in the income in the same manner and proportion as they share in such estate. Kilpatrick v. Johnson, 15 N. Y. 322; Gilman v. Reddington, 24 N. Y. 19. The provision for the annual payment of $1,000 to the executors by the devisees mentioned in the second paragraph of the will does not in itself involve an unlawful, or any, accumulation. The annual payments, as made, will go into the *corpus* of the residuary personal estate, unless otherwise appropriated for the lawful purposes of the will, and augment such *corpus* for investment and ultimate division and distribution. The result may be an increase of the surplus or accumulated income of such estate. How such surplus is to be dealt with I have already indicated. There is no doubt that the annuity to decedent's widow is entitled to be paid from the income of decedent's estate not otherwise disposed of, including such part of the income as may come from the investment of the amounts required to be annually paid under the second clause of the will. In case of any deficiency of income of one year to pay the annuity for that year, the surplus income of the succeeding year could be used to supply the deficiency. Whether any of the surplus income of a previous year is to be retained to meet any insufficiency of income of a succeeding year to satisfy the annuity is unnecessary to determine, as the facts or circumstances, as far as they are disclosed, do not justify any apprehension of such deficiency. Among the beneficiaries entitled to share in the surplus income are the two devisees named in the second clause of the will, and who are obligated by the provisions of this clause to pay to the executors annually the sum of $1,000. No question is raised as to these provisions save the one respecting accumulation, and that has been disposed of. The share of these devisees in the surplus income should be withheld until they shall have discharged the amounts due and unpaid of the sums required to be annually paid by them. The appropriation of their shares towards the discharge

of their obligation I see no objection to, and it may be properly made. As far as it appears, the whole surplus income now in the hands of the accountants can be distributed. The parties, however, in view of what has been said, can doubtless agree on the amount to be distributed.