In the matter of G. C. DAVISON and others, infants.

Where a testator bequeathed an annuity to his widow during the minority of his children, together with a distributive share of his estate after that period, in lieu of dower, and for the further purpose and upon the express trust that she should take care of, educate and maintain the children during their minorities; *Held,* that the court was not authorized to order a further allowance to be made out of the infants estates to the widow, for their support, until the fund bequeathed to her for that purpose was exhausted.

Maintenance for infants cannot be allowed by the court of chancery out of a fund which, upon the happening of the event contemplated by the testator in the bequest of such fund, will not belong to the infants but to some other person. But where a fund is given absolutely to several infants as a class, with the benefit of survivorship if either of them dies before the time appointed for the distribution of the fund, as the chance of survivorship is equal, the court may allow maintenance out of the fund, for the benefit of the infants equally, while all who are interested therein continue to be minors.

August 2. THIS was an application for a further allowance to the mother of the infants out of the estate of their father, for their maintenance, beyond the amount allowed for that purpose by his will. The testator died in 1824, and by his will devised and bequeathed his real and personal estate to his executors and trustees in trust, to invest the personal estate and the proceeds of the real estate until his youngest child should arrive at the age of twenty-one; and out of the rents and profits and income thereof to pay to his widow an annuity of $1000 during that time, and to pay each child $1000 upon his or her arrival at full age. And upon the further trust to divide the estate equally between the widow and such of the children as should be living when the youngest arrived at the age of twenty-one; and if any of the children should then be dead, leaving issue, such issue to have the share which would have belonged to such child if living. The bequest of the annuity to the widow, and the other provisions made for her by the will, were declared to be in lieu of dower; and for the further purpose and upon the express trust that she should take care of, educate, maintain and bring up the children during their minorities,

1836.

In the matter of Davison.

in such manner, according to her judgment, as had theretofore been done. A further provision or allowance was made, for the extra expense of educating such of the children as it might be necessary to send from home for the purpose of education, not exceeding $200 annually for each child.

The petition of the mother stated that the income of the estate was about $3500, the same having nearly doubled since the death of the testator; and that the annuity of $1000 was entirely inadequate for her support and the support and education of the children. She therefore asked for a further allowance of $500 annually, for that purpose, out of the income of the estate.

*J. V. L. Pruyn,* for the petitioner.

THE CHANCELLOR. The allowance of the $1000, as provided by the will, is undoubtedly a scanty allowance for the support of the widow and the three children who are still unable to earn any thing for their own support, considering the amount of the property to which they are presumptively entitled. But I do not see how this court can increase that allowance without making a new will for the testator. He has given to the widow all his household furniture and an annuity of $1000, and has also made a further provision by which she, or her personal representative in case of her death, will be entitled to one sixth of the whole residuary estate, and to a still greater share if either of the children should die without issue; the whole of which bequest to the widow is expressly charged with the support and education of the children. If the annuity, therefore, is not sufficient, she must resort to and anticipate a part of her share in the residuary estate for that purpose. Her share of the residuary estate, in which she has a vested interest which cannot be defeated by her death before the time appointed to make distribution, is already about $8000; and her share of the future accumulations will considerably increase the amount. The estate of the infants cannot, therefore, be resorted to for their support until the whole of

1836.

In the matter
of Davison.

the fund bequeathed to her in trust for that purpose is exhausted.

Again; the infants have no absolute interest or right to any other fund out of which maintenance can be allowed. The utmost extent to which this court is authorized to go in allowing maintenance out of a fund which may never come to the infant, is to allow it out of an estate which is given absolutely to a class of infants with benefit of survivorship. In such cases, as the chance of survivorship is equal although all may not in the end become sharers in the fund, the court has gone so far as to allow maintenance out of the fund for the benefit of all while the whole continued minors. The cases on this subject were all referred to by Lord Eldon in the case *Ex parte Kebble*, (11 *Ves.* 604.) And he there arrived at the conclusion that maintenance could not be allowed out of a fund which was given over to a third person, or to the issue of the infant, in case of the death of such infant before the time appointed for the distribution of the fund. The same question again came before him in *Errat* v. *Barlow*, (14 *Vesey*, 202,) and he expressly overruled the decision of Lord Thurlow, in *Fendall* v. *Nash*, (5 *Vesey*, 197,) as wholly indefensible in principle. And he again held that maintenance was to be allowed, against a direction for accumulation, in those cases only where it was for the benefit of the infants, the chance of surviving being equal; and where no other interests were to take effect upon any contingency, which would be defeated or affected by allowing such maintenance. I fully concur in the conclusion at which his lordship arrived, that this court has no power to allow maintenance to infants out of a fund which, upon the happening of the event contemplated by the testator in the bequest of the fund, will not belong to the infants but to some other person. It is hardly necessary to add, that these decisions of Lord Eldon were followed by Sir Lancelot Shadwell, in the recent case of *Turner* v. *Turner*, (4 *Sim. Rep.* 430.)

No allowance for maintenance can therefore be made out of the principal of that part of the fund which presumptively belongs to the several infants, but which is given over

to the issue of such of them as shall die, leaving issue, before the time appointed for the distribution of the fund. But as no accumulation of the income of the fund can be made except for the use of the infants absolutely, they may be allowed a support out of their respective shares of such income, if the funds provided for their maintenance by the testator should happen to fail. (1 *R. S.* 726, § 39, 40.) And as the share bequeathed to the widow on such distribution belongs to her absolutely, and is not given over to any other person in case of her death before that time, the executors and trustees are authorized and directed to anticipate the payment of a portion of her share, by paying over to her $500 annually on account thereof, and charging her with compound interest on such advances ; so as to make her share equal with the others on the final distribution of the fund.