*G-ardiner, J.
 

 The testator has devised and bequeathed all his real and personal property to his executors, in trust for the “ uses and purposes and upon the trusts” declared in his will. The first question will be, whether the trusts thus created, viewed as trusts of personal estate, which is the claim of the defendants, are valid.
 

 It is manifest, that a leading object with the testator in creating the first trust of $30,000, was, that his property might accumulate for an indefinite period, for the benefit of unascertained persons. The trustees, from the income of the fund, are directed to pay to Nancy Harris $700 per annum, and the same sum to Lucy Harris, her daughter, during her life, should she survive her mother, and “the residue of the interest, to reinvest, from time to time, as an addition to and accumulation of the principal,” during the lives of the mother and daughter above mentioned; and on the death of the latter, “ if the said Nancy shall then be deceased, to make over the said principal *sum of $30,000 and the accumulation thereof to the issue of the *- ' said Lucy.”
 

 Accumulations, by our statute, of personal property may be directed by any instrument sufficient to pass such property. First. If the accumulation be directed to commence from the death of the party executing the instrument (which is this case), such accumulation must be made for the benefit of one or more minors, then in being, or in being at such death, and to terminate at the expiration of their minority.” (1 R. S. 774, § 3.) By the 4th section, all directions for the accumulation of interest, Ac., of personal property, other than such as are therein allowed, are declared void.
 

 
 *257
 
 It will be perceived, therefore, that the accumulation directed by the first clause of the will before us, is absolutely prohibited by our statute. The direction to accumulate is not for a longer time than the minority of the persons intended to be benefited thereby and, therefore, void as to the excess of time merely, according to the concluding clause of the 4th section, but the object and purpose of the accumulation are utterly void by the express provisions of that section, inasmuch as they are neither limited to nor do they in any manner refer to “ minors,” for whose benefit alone an accumulation is permitted. As this trust is entire, the annuity of $700 to Mrs. Harris and her daughter cannot be sustained. The testator has directed that $30,000 should be invested, and that the whole income should be disposed of by the trustees, in the manner prescribed. The trust to invest is not divisible, and being void in part, the whole is void.
 

 The trust of $30,000 established by the second clause of the will primarily for the benefit of Josiah C. Cady, the nephew of the testator, is also void. The continuance of this trust (which is for the purpose of accumulation) is not for the
 
 exclusive benefit
 
 of the nephew, who was a
 
 minor
 
 at the death of the testator, nor was it to terminate on the decease of the beneficiary, but if that event occurred during his minority, and without his leaving issue, the accumulation was to go on, until * i death of Lucy Harris, to whose issue, if any -I survived her, it was to be “ made over” by the trustees; if none survived her, then to the Clarks in equal portions. This trust is not saved by the concluding provision of the 4th section of the statute above mentioned. (1 R. S. 773.) That clause avoids a direction for an accumulation for a longer term than the minority of the persons intended to be benefited thereby, as respects the time beyond such minority, leaving the residue tc stand. But in this case the difficulty is, as we
 
 *258
 
 have seen, that the accumulation is not for the sole benefit of minors; the issue of Lucy, who are to take in a certain contingency, may be forty years of age before the death of their mother. I apprehend, that no part of this trust can be supported.
 

 The same objections are applicable to the sixth or the residuary - clause of the will. This is also a trust for accumulation, to commence at the death of the testator, and to continue for the lives of Mrs. Harris and her daughter; the fund then to be equally divided between the issue of Lucy and Cady, the nephew of the testator. This trust is void for the reason above suggested in reference to the trust of $30,000.
 

 In the second place, the trusts created by the first and sixth clauses of the will are void, because in contravention of the first section of the act, “ Of the accumulation of personal property and of expectant estates in such property.” (1 R. S. 773.) This section provides, “ that the absolute ownership of personal property shall not be suspended, by any limitation or condition whatever, for a longer period than
 
 during
 
 the
 
 continuance
 
 and until the
 
 termination
 
 of not more than
 
 two lives
 
 in being at the death of the testator,” if the instrument containing the limitation should be a will.
 

 The capital of the first trust of $30,000 is limited to the issue of Lucy Harris “ her surviving,” to be made over, with the accumulation thereof, upon the death of the said
 
 Lucy,
 
 after the decease of her
 
 mother.
 
 By this limitation, the fund is rendered inalienable, during the lives of Mrs. Harris and her daughter, as neither of them takes any interest in the capital, and as it is contingent, 1st, whether Lucy has issue, 2d, whether they ^survive their mother and grandmother Nancy Harris; it follows, that during the lives of Mrs. L Harris and her daughter, even if the latter should have children, there would be no persons in being by whom
 
 *259
 
 the absolute ownership in this fund could' be transferred.
 

 Again, if Nancy Harris and her daughter should die, the latter without issue, during the minority of Josiah C. Cady, no interest would vest in the latter, under the limitation to him, until he should attain the age of twenty-one. It is not the case of a legacy vesting in interest, on the dropping of the previous lives, while the possession is postponed until the majority of the legatee, because, by the express directions of the testator, the trustees are to accumulate the income,
 
 wntil
 
 the legatee attains the age of twenty-one, “when, and not previously, they are to convey and make over the said $30,000 and the
 
 accumulations thereof
 
 in whatever description of securities or property it may consist,” to the nephew. The intention of the testator that the fund should not vest in interest in Josiah, prior to the time specified, is further manifest, from his direction that in case Josiah should die without issue, before attaining his majority, the fund should be divided between Ralph and E. P. Clark, the ultimate legatees. The fund, in the meantime was to be held by the trustees, in the language of the will, until the
 
 “final distribution
 
 as therein directed.”
 

 The trust then is to continue for more than two lives, and from its nature necessarily suspends the absolute ownership during the whole period. In
 
 Child
 
 v.
 
 Russell
 
 (11 Metcalf 15, 24), relied upon by the appellants, the testator gave an annuity to his wife for life, and directed that, after her decease, all his property should be divided among his heirs, according to law, &c. It was held, that each of the heirs, living at the death of the testator, then acquired a right to a distributive share of the estate, and that the division only was postponed, until the death of the wife. The court observes, “that the cases relied upon by those resisting this construction were cases where the property was, in the first instance, given
 
 to
 
 
 *260
 

 trustees, to hold
 
 for the heirs of
 
 *certain persons,
 
 and „ ... then to be distributed; here, it was the testator’s own estate in the hands of his own executors, never disposed of in property, but only the distribution postponed.” It will be perceived, that the case cited is distinguished from the present, by the judge who pronounced the decision, by a circumstance (an express trust for distribution) not found in that case, but which exists in the present one, which makes that decision an authority in favor of the respondents.
 

 The trust of $30,000 in favor of the issue of Lucy, together with the residuary clause, are therefore void, as violations of the first section of the act against perpetuities. (1 R. S. 773, § 1.) The trust in reference to the principal of the Harris mortgage and its proceeds, mentioned in the same clause of the will, is obnoxious to the same objection. It may continue during the lives of Mrs. Harris and her daughter, and the minority of Josiah C. Cady, and the power of alienation, during the whole period, would be suspended.
 

 The trust authorized by the third, fourth and fifth clauses of the will, in favor of James B., Elizabeth R. and Virginia Clark are also void. By the provisions of the residuary clause, if either of these beneficiaries die, &c., before attaining the age of twenty-one, the sums bequeathed to them, respectively, with the
 
 accumulation thereof,
 
 are to be divided between the issue of Lucy (after her death and the death of her mother) and Josiah C. Cady, when he attains the age of twenty-one, with cross-remainders, &c. These trusts are obnoxious to the objection, first, that the accumulations directed are not for the benefit of minors, exclusively, and secondly, that they suspend the absolute ownership beyond the period allowed by the first section of the statute above mentioned.
 

 I have so far considered the provisions of this will upon the supposition that the testator intended that his real property should be converted into personal by his executors and trustees. But by a fair construction of the will, it would seem to be his design, not positively to direct such conversion, but to leave that subject to the discretion of the .executors. He expresses a wish that the investments directed may be made in bonds and * 261 1 *mor*SaSes> but the sale of real estate is not to-
 
 1
 
 be forced, in order to effect that object. His property invested in lands is to “ continue to be so invested, so long as his executors may deem discreet,” and is to be divided among the beneficiaries, at prices fixed by the executors, and in the meantime, if real estate owned in common by the testator with the Clarks (which constitutes the bulk of his real property) is improved by his co-tenants, his share is made, by the will, to bear its
 
 “
 
 proportion of the expense of such building and improvement.”
 

 It is clear, from these provisions, that the testator did not intend to impress a new character upon his estate. His executors were authorized to change real property into personal; or personal into real, at their discretion. Their judgment was to be formed from a state of things existing subsequently to the death of the testator. There is, therefore, no such conversion as claimed by the appellants, and the property must be viewed as it was at the death of the testator. It follows, that so far as the trusts of this will pertain to real estate, they are void, because they are not authorized either by the 3d or 4th subdivision of the 55th section of the statute. (1 R. S. 728.)
 

 For the reasons suggested, the decision of the supreme court should be affirmed.
 

 Decree affirmed.