## CAMPBELL *et al.*, executors, *vs.* ROBERTSON.

The testator devised and bequeathed his whole estate to his wife for life. He had one son and one daughter, the former of whom had five, and the latter three children, all of them minors. For the support, maintenance and use of his son's wife (present or future) and of his son's children, born and to be born, he devised the remainder in

certain specific realty, in trust, to be held by the trustees named, during the life of his son, and at the son's death to be equally divided among and conveyed in severalty to his children then living, or their lineal representatives, *per stirpes;* and in default of the son's children, etc., then over the children, etc., of the daughter. In like manner, for the support, maintenance and use of his daughter and her children, born and to be born, he devised the remainder in certain other specific realty, in trust, to be held by the trustee named, during her life, and at her death to be equally divided among and conveyed in severalty to her children then living, or their lineal representatives, *per stirpes;* and in default of her children, etc., then over to the children, etc., of the son. In respect to both these devises, there was an express direction to the trustees not to encroach upon the capital, but to use for the beneficiaries the income only, making such reasonable differences in expenditures and allowances for each as occur in families in like condition, without accountability between them therefor. After these provisions of the will, and some others not material, the testator disposed of the residue of his estate by devising and bequeathing the same to his executors in trust " to and for the use, benefit and behoof of all his grand-children, *per capita,* heretofore or hereafter born, the survivors or survivor of them, until majority or marriage, and as each one arrives at the age of twenty-one years, or marries, then, to take out and convey to him or her, in fee simple, one equal share thereof, according to the number then entitled, upon their majority or marriage; and if the last one so entitled shall die before majority or marriage, then, at the death of such one, this last share shall be equally divided and conveyed to said grand-children surviving, or the representatives thereof, *per stirpes.*" After the death of testator's wife, and whilst his son and daughter were both alive, and during the minority of their children, except one child of the daughter, who had arrived at majority, the five children of the son filed their bill against the executors and against the three children of the daughter, to reach the income of the residue accruing after the death of the tenant for life (the wife of testator), with a view to derive necessary maintenance from the same, the income from the specific devise made for their benefit proving insufficient, and the testator's son, their father, being unable to support them. It did not appear that the children of the daughter needed for their maintenance any part of the income in question. Their mother, however, as the guardian *ad litem* of her two minors, prayed in her answer to the bill, for the allowance and payment of their shares of said income. The court decreed, in substance, "That the executors pay over to the legally appointed guardians of the testator's grand-children (both complainants and defendants) their respective shares of said income now in hand, or which may

accrue from time to time until the marriage or majority of the last grand-child born or to be born, deducting the expenses of administration, the amount of any debts, and the cost of repairs and insurance: provided, that the amount of the interest is to vary from time to time with the number of grand-children who are minors and unmarried at the time of the respective payments, the present interest of each being one-eighth." It was further provided in the decree that the bill remain open to compel, if necessary, satisfactory accounting, etc:

*Held,* that it was the purpose of the testator to add the income to the *corpus* of the residue, and to constitute the whole a common fund out of which to furnish a portion to each grand-child as he or she became of age or married; and that those only who shall attain majority or marry will be entitled to participate in the distribution. Also, that inasmuch as unborn grand children, and, by possibility, the children of grand-children, may take, to the exclusion of all the minors now living, there can be no application of any part of the fund to maintenance. A further impediment is, that the testator set apart all of his estate which he intended to be devoted to this object.

Equity. Wills. Estates. Income. Before Judge Pottle. Richmond Superior Court. October Term, 1878.

Emily F., Mary Belle, William M., Louisa L., and Abner P. Robertson, minors, and children of William H. Robertson, who appeared by their father and next friend, brought their bill against John B. Campbell and John T. Shewmake as executors of Abner P. Robertson, deceased, Mary A. Kirkpatrick, the daughter of the said Abner P., and John C., Mary A., and Annie Kirkpatrick, her children, the last two minors, for whom their mother appeared as guardian *ad litem.*

The facts of the case, so far as material, appear in the head-note.

The chancellor decreed as follows:

" The jury having by their verdict determined the issues of fact submitted to them, it is, in view of the finding and other facts admitted in the answer of defendants, or not in dispute, considered, adjudged and decreed by the court, that the defendants, John B. Campbell and John T. Shewmake, as executors of Abner P. Robertson, and trustees

under the ninth item of testator's will, pay over to the legally appointed guardian of complainants and defendants, who are also the grand-children of Abner P. Robertson, their respective shares of all the income now in the hands of said defendants arising from property held under said ninth item, or which may hereafter come into their hands or those of their successors, from time to time, until the marriage or majority of the youngest grand-child, born or to be born, of the said Abner P., by his son William H., or his daughter Mary A. Provided, always, that this is to be done, less the expenses of administering the estate of said Abner P., the payment of any debts hereafter arising against said estate for which reservation is to be made, as well as repairs upon and insurance of improvements.

"Provided, further, that the amount of this interest is to vary from time to time with the number of grand-children of said Abner P., who are minors and unmarried at the time of the respective payments. It is further ordered and decreed that the present interest of each complainant and other grand-children, is one-eighth, and that the bill remain open, to compel satisfactory accounting, if not made pursuant hereto."

To this decision the said John B. and John T., executors as aforesaid, excepted, and for assignment of errors, say that the court erred :

1st. In holding that under said will, any distribution or payment to and for the benefit of said grandchildren, at present or in the future, before each married or arrived at the age of twenty-one years, could be made or was authorized by said will, or any such payment or distribution, except to each grand-child as aforesaid, as he or she marries or arrives at majority.

2d. In holding that one-eighth part of said rents, issues and profits, less certain expenses and debts mentioned, shall be paid to the legally appointed guardian of said complainants and defendants, who are also grand-children of said Abner P., for each of said grand-children, immediately and for the

future, without any reservation for the grand-children of said testator hereafter born, mentioned in said will, out of said rents, issues and profits, and without any protection of their interest therein, except such as may arise out of income under said will, accruing after the birth of such future grand-children under said ninth item.

3d. In decreeing that said payment and distribution to said guardian for said minors should be made without requiring bond and security to refund respectively the proportionate part of each to after-born grand-children aforesaid, of the share of said after-born grand-children in said present and future rents, issues and profits, or any other protection or preservation of the rights and interest of said grand-children hereafter to be born.

4th. In deciding that grand-children of said Abner P., who may hereafter be born of his said son or daughter, have no sufficient present interest in said rents, issues and profits to prevent the payment and distribution of the same, or any part thereof, to the grand-children now living.

5th. In failing and refusing to require any bond or other security for the interests and shares of said grand-children of said Abner P., hereafter to be born.

JOHN T. SHEWMAKE; J. C. C. BLACK, for plaintiffs in error, cited 18 *Ga.*, 59 ; 1st Roper on Leg., 497, 500, 578 ; 6 Vesey, 239 ; 9 *Ib.*, 224 ; 3 *Ib.*, 367 ; 12 *Ib.*, 74 ; 2d Roper, 240, 248–252, 261 ; 2d Perry on Trusts, 616, 619 ; 4 Rich., S. C., Eq., 266 ; 4 *Ga.*, 535 ; 23 *Ib.*, 23 ; 34 *Ib.*, 401 ; 3 *Ib.*, 206 ; Code, §§2458, 2460.

FRANK H. MILLER; W. A. & J. M. WALTON; FRED. T. LOCKHART, for defendants, cited Code, §§2456, 2459 ; 28 *Ga.*, 377 ; 19 *Ib.*, 127 ; 53 *Ib.*, 575 ; 34 *Ib.*, 400 ; 18 *Ib.*, 56 ; 4 *Ib.*, 534 ; 18 *Ib.*, 57 ; 3 *Ib.*, 202 ; 29 *Ib.*, 491 ; 22 *Ib.*, 323 ; 28 *Ib.*, 328 ; 57 *Ib.*, 258 ; 12 *Ib.*, 47 ; 5th Vesey, 104 ; 2 Perry on Trusts, §§615–617.

BLECKLEY, Justice.

The several items of the testator's will which bear on the question before us are the second, third, fourth, fifth and ninth. These, for a better understanding of the exact point to be decided, I copy from the record, omitting of what is contained in them only descriptive clauses, and one or two special directions as to small articles of property: Item 2, " I devise and bequeath unto my wife Mary Robertson, all my property at my death, both real and personal, heretofore or hereafter acquired, for the term of her natural life :" Item 3, "I devise and bequeath unto John B. Campbell, of said county, subject to said life-estate of my wife, certain real estate in said city, to-wit: (four described lots, with the improvements thereon) to have and to hold the same, from and after the death of my said wife, in trust for the support, maintenance and use of my daughter Mary Kirkpatrick and her children heretofore and hereafter born, for the term of her natural life, free from the contracts, liabilities and control of her present or any future husband ; and at her death in further trust to equally divide the same and convey it in severalty to her children living at the time of her death ; or the lineal representatives thereof, *per stirpes*; and in default of such children and representatives thereof, in trust for the children of my son William H. Robertson living at the time of her death, or the lineal representatives thereof, *per stirpes*, and such children as may be born to him thereafter :" Item 4, " I devise and bequeath unto Lucius A. Luke, of the county of Columbia, and said John B. Campbell, subject to said life estate in my wife, certain other real estate in said city, to-wit, (eight described lots, with the improvements thereon) to have and to hold the same from and after the death of my wife, for the support maintenance and use of the present or any future wife, and the children heretofore or hereafter born, of my son William H. Robertson, for the term of his natural life, free from the debts, contracts, liabilities and control of said

William; and at his death, then to equally divide the same among and in severalty convey to his children living at the time of his death, or the lineal representatives thereof, *per stirpes*; and in default of such children and representatives thereof, then in trust for the children of my said daughter Mary, living at the time of my said son's death, or the lineal representatives thereof, *per stirpes*, and such as may be born of her afterwards:" Item 5, " I expressly direct that such trustees do not encroach upon the capital, and only use the income of said trust estate for the beneficiaries thereof, making such reasonable differences in expenditures and allowances for each as occur in families in like condition, without accountability between them therefor:" Item 9, " I devise and bequeath after the death of my wife the rest and residue of my property, and all the property aforementioned or the proceeds thereof, not hereinbefore otherwise disposed of, of every description, unto my executors, executrix, the survivors or survivor, or acting one thereof, to have and to hold the same in trust to and for the use, benefit and behoof or all my grand-children, *per capita*, heretofore or hereafter born, the survivors or survivor of them, until majority or marriages, and as each one arrives at the age of twenty-one years or marries, then to take out and convey to him or her in fee simple one equal share therof, according to the number then entitled upon their majority or marriage; and if the last one so entitled shall die before majority or marriage, then at the death of such one, this last share shall be equally divided and conveyed to the said grand-children surviving, or the representatives thereof *per stirpes*." The 6th and 8th items authorized the sale of certain property.

The will was made on the 11th of November, 1873, and the wife of testator was named as executrix, together with John B. Campbell and John T. Shewmake as executors. The executrix and tenant for life died in 1875. This bill was filed on the 13th of September, 1877, the parties thereto being as stated in the report. At the trial the jury, in

answer to certain questions, found specially that the income from the property embraced in the specific devise was not sufficient for the maintenance and support of the complainants, that they had not received from their father or any other source sufficient maintenance and support to render this bill unnecessary; that their father was not likely to be able to contribute anything to their support; and that the whole of their share of the income in the hands of the executors from the property passing under the ninth item of the will, less the proper allowance for debts and expenses, ought to be paid and continued to be paid. Thereupon, the court decreed as set forth in the reporter's statement, and the executors excepted.

There is no scarcity of learning on the right to take income where delivery of the *corpus* is postponed, and where it is uncertain whether all the class named as beneficiaries will ultimately share in the distribution, or whether some of the individuals among them will drop out. The general tenor of the authorities seems to be, that if the estate is once vested, though it may be subject to become divested, those in whom it is vested for the time being are entitled to the then accruing income. As more or less relevant, consult 2 Ashmead, 332; 5 Binney, 477; 6 Paige, 136; 11 *Ib.*, 125; 5 Vesey, 193, note; 11 *Ib.*, 48, 202, 604; 12 *Ib.* 20, 204; 14 *Ib.*, 203, 577; 4 Madd., 275; 7 Sim., 523; 2 Swanst., 436; 2 Mer., 363; 3. *Ib*, 340; 10 Barb., 552–7; and read (first referring to the index for the proper places,) about two per cent. of Roper on Legacies, and about one per cent. of Perry on Trusts. Without undertaking to reproduce or discuss any of the decided cases, or any of the text writing founded thereon, it is sufficient for our present purpose to say, that the design of the ninth item of the will before us was to keep income and *corpus* together, and distribute to each beneficiary his share of both at the same time. The clear intent of the testator in this part of his will was to nurse a fund out of which to furnish a portion to each of his grand-children when he or she should arrive at majority or

marry. .None but such as fulfilled the condition of majority or marriage would be entitled to participate. The words, " to have and to hold the same in trust to and for the use, benefit and behoof of all my grand-children, *per capita*, heretofore or hereafter born, the survivors or survivor of them, until majority or marriage," are, when construed with their immediate context, the same in meaning as if the testator had said, " to have and to hold the same in trust to and for the use of such, and such only, of my grand-children, *per capita*, heretofore or hereafter born, as shall attain majority or marry." The legal title is put in the executors as trustees, and they are not only to " take out " an equal share for each beneficiary at the appointed time, but they are also to " convey " it. Is the share which the executors are thus directed to take out and convey to be ascertained by looking at the *corpus* only, or is it to be ascertained by computing both the *corpus* and the income? It seems to us that the latter is the mode contemplated, and if so, the income is as effectually tied up as the *corpus*; the two are inseparable. One of the grand-children has already attained majority, and the rest are minors. Every one of these minors may fail either to marry or to survive their minority. In that event, the grand-child now of age would prove the sole owner of the whole fund unless other issue should spring from the testator's son or daughter and survive till majority or marriage, or unless this eldest grand-child should die before the last survivor of the others. In this latter case, the representatives of the adult grand-child (that is, the great grand-children of the testator) would take the whole. It is thus apparent that every one of the complainants in the bill is subject to be superseded, not only by the adult grand-child, but by grand-children yet unborn, and even by great grand-children of the testator. If, therefore, maintenance were allowed to the complainants out of the fund, whether out of income or *corpus*, there is no certainty that they would be eating their own bread, and not the bread of their brothers and sisters, their nephews

or nieces, their cousins or second cousins. It is true the complainants are apparent or presumptive owners, but that does not warrant present consumption. They must wait for their inchoate right to ripen by time into a perfect and complete title.

Any doubt which might be entertained upon the construction of the ninth item of the will, regarded by itself, is dispelled by looking back to the third and fourth items. In these, the testator has dealt for himself with the question of support for his grand-children, and has made express provision for it, as far as it was his pleasure to do so. The decree was erroneous, and must be vacated.

Judgment reversed.