KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—December, 1881.

## GILMAN v. HEALY.

*In the matter of the judicial settlement of the account of*
AARON HEALY, *an executor of, and trustee under the*
*last will and testament of* NATHANIEL GILMAN, JR.,
*deceased.*

A direction for the accumulation of rents, income, etc., of real or personal
property "*for the benefit* of one or more minors then in being," must,
in order to be valid under 1 R. S., 726, § 37, and id., 773, § 3, provide
for an accumulation *exclusively* for the benefit of the minors.

Under a valid direction for the accumulation of rents and income for the
benefit of a minor, the accumulation not only vests in the minor, but,
on his attaining majority, vests in him *absolutely*, so as to be no longer
liable to be divested.

Testator, who left both real and personal property, by his will, after mak-
ing certain bequests, gave all the residue of his property, real, personal
and mixed, to his executors, in trust, and by implication directed the
accumulation of a portion of the income and profits during the minor-
ity of his children, respectively. He then gave a vested remainder in
the trust property to his children, to take effect in possession at the end
of the trust term, subject to being divested as to each child by his or
her death without issue during said term; in case all his children
should die without issue during said term, he gave and devised the
residue, one quarter to his widow, if then living, and the balance to
his brothers and sisters then living or the issue of any that might be
dead, in equal proportions. All of the children having died during
the trust term, without issue, one during and the others after the ex-
piration of minority, a sister of testator claimed an interest in the ac-
cumulated income which accrued before the death of the last survivor
of the children.—

*Held*, that such accumulations vested absolutely before the substituted
limitation took effect, and that the sister of testator took a share of the
*corpus,* only, of the estate.

As to whether, if all the children of the testator had died without issue during their minority, the accumulations would have passed to the substituted legatees and devisees, *quære*.

Gilman v. Reddington, 24 *N. Y.*, 9; Meserole v. Meserole, 1 *Hun*, 66—distinguished.

TESTATOR, by the residuary clause of his will, devised and bequeathed the residue of his estate, real, personal and mixed, to his executors in trust to "manage" and apply the same or the income thereof, or so much of the estate or income as they should see fit, in the exercise of a sound discretion, to the education and support of his three infant children, or such of them as should survive, or of the issue of any who might die, until the two youngest should attain the age of thirty years, or until those two children should be dead, if they should die under that age; at which time the trust estate was directed to "be paid, conveyed or made over" to the said three children, or such of them as should then survive, or to the issue then living of such as might be dead, in equal proportions, so that the issue might have the share of the parent; it was further provided that, if all the children should be dead at the period of distribution without issue then living, the said residuary estate should go to the testator's widow and to his brothers and sisters and their issue in certain proportions specified. The estate consisted of both real and personal property. The youngest of the children died after the death of the testator, at the age of two years. The other two died during the trust term, after attaining majority, without leaving issue. Upon the judicial settlement of the account of the executor and trustee, Anna K. Gilman a sister of testator having interposed objections to the ac-

count, the executor and trustee moved to strike out such parts of said objections, as related to the income of the estate of the testator, which accrued before the death of the last surviving child of the said testator, for the reason that the said Anna K. Gilman had no interest in such income.   An order was thereupon granted striking out such parts of said objections:

" 1st.  As relate to the income of the estate of the testator which accrued between the time when the aforesaid children respectively attained the age of twenty-one years, and the death of the last survivor of them; and

" 2d.  As relate to the income of the said estate which accrued at and before the aforesaid children respectively attained the age of twenty-one years, for the reason that the said Anna K. Gilman has no interest in such income."

SMITH & WOODWARD *and* CHAS. H. GLOVER, *for executor.*

W. W. GAGE *and* ABRAM WAKEMAN, *for objector.*

THE SURROGATE.—This is a final accounting, and Anna K. Gilman, a sister of the testator, has filed objections to the account.   A motion is now made, on behalf of the executors, to strike out all objections relating to the income of the estate, on the ground that, under the will, the contestant has no interest in said income.

It will only be necessary to call attention to those provisions of the will which bear upon the question to be decided.

After making certain bequests, the testator gives all the *rest, residue and remainder* of his property, both real, personal and mixed, to his executors in trust, and

by implication directs the accumulation of a portion of the income and profits of the said trust estate during the minority of his children, respectively. He then gives a vested remainder, in the property so left in trust, to his three children, to take effect in possession at the end of the trust term, subject to being divested, as to each child, by his or her death without issue during said term, and, if all his said children should die without leaving issue during said trust term, then he gives and devises the said rest, residue and remainder as follows: One quarter to his widow, if she then be living, and the balance to his brothers and sisters then living, or the issue of any that may be dead (the issue representing the parent), in equal proportions (Gilman v. Reddington, *24 N. Y.*, *9*, *16*, *19*).

All the children of the testator died during the trust term, without leaving issue, and his widow is still living. One child died while a minor, and the other two after having arrived at full age.

Where a *valid* accumulation of rents and income takes place for the benefit of a minor, the rents and income so accumulated not only vest in the minor, but, on his becoming of age, they vest in him *absolutely*, so as no longer to be liable to be divested (Bolton v. Jacks, *6 Robt.*, *166*, *229;* Manice v. Manice, *43 N. Y.*, *363*, *380;* Hetzel v. Barber, *69 N. Y.*, *1*, *8*).

The accumulation must be for the benefit of the infant (1 R. S., 726, § 37). How then can it be said to be for his benefit, if it never comes into his possession after the termination of his minority, and if his interest in it is divested in favor of some other person?

Section 39 (1 R. S., 726) and section 5 (1 R. S., 774), al-

lowing the Court of Chancery to provide a suitable sum to be applied to the maintenance and education of infants out of the rents and profits directed to be accumulated for their benefit, confirms the above construction (Matter of Davison, *6 Paige, 136, 139*).

Moreover, it was the avowed purpose of the revisers to adopt the limitations of the third class of accumulations allowed by the statute of 40 Geo. III., ch. 98, viz.: "During the minority of any person or persons who, under the deed or will, would, if then of *full age*, be entitled to such rents and profits" (Manice v. Manice, *43 N. Y., 376*).

It may well be that the payment of the accumulated rents and income may be postponed beyond the time when the infant shall have attained the age of twenty-one, but his title to the accumulations will, nevertheless, then be *absolute*, and will no longer be liable to be divested on any subsequent condition (Robison v. Robison, *5 Lans., 165, 169;* Meserole v. Meserole, *1 Hun, 66, 72.* But see Hetzel v. Barber, *supra*).

The will may provide, however, that the interest of the infant shall be divested in the event of his death *before attaining the age of twenty-one*, and that others shall *then* take the accumulations (Bolton v. Jacks, *supra;* Manice v. Manice, *supra;* Willets v. Titus, *14 Hun, 554*).

If the provisions of the will are such that the interest of the infant is not divested during his minority, and does not vest *absolutely* on his coming of age, the directions for the accumulation will be void.

A limitation, to another person, of the *corpus* of the estate, on the death of the minor *during his minority,*

carries with it the accumulated rents and income (Willets v. Titus, *supra*).    But such a limitation, to take effect *after the accumulations have become vested absolutely*, only gives to tne substituted beneficiary the *corpus* of the estate (Matter of Davison, *6 Paige, supra*).

In the principal case, no express disposition was made of the accumulations of the rents and income; but the rest, residue and remainder of the estate out of which they arose was given and disposed of as above stated. The substituted limitation, in favor of the widow and brothers and sisters of the testator, did not carry with it the accumulated rents and income.    They had become vested *absolutely* in the children of the testator attaining the age of twenty-one *before the limitation* took effect. It may be that, if all the children had died without issue *during their minority*, the accumulations would have passed to the substituted legatees and devisees.    But, as the accumulations became vested *absolutely before the substituted limitation took effect*, the widow, brothers and sisters of the testator only took the *corpus* of the estate.

Motion granted.

A REARGUMENT having been had, the following opinion was filed, November 13th, 1882:

THE SURROGATE.—It was held by this court, in an opinion filed in this matter on December 21st, 1881, that Miss Anna Gilman, a sister of the testator, had no right to share in the accumulation of income provided for by the testator in his will, and the decision was founded

upon the rule that a valid accumulation must be for the *exclusive* benefit of minors. A reargument of the question was allowed, on the ground that the court had overlooked the force of the decision in the case of Meserole v. Meserole (*1 Hun, 66*). In that case, a direction to the executor to accumulate rents and interest during the minority of the infant, and, after he became of age, to apply the interest of said accumulation to his support during his life, and, on his death, to pay the said accumulation to his *heirs*, was held valid, on the ground that the accumulation was for the benefit of the minor, and that the statute did not require anything more; and it is now contended that the accumulation need not be for the *exclusive* benefit of the minor, but that it may be limited to an adult, upon the death of the minor after attaining majority, if the minor is to receive the interest on the accumulated fund during his life.

It will be observed that, in the Meserole case, the direction was to pay the accumulation to the person who would be entitled to it by law, if it had been given to the minor himself before his death. It is unnecessary to comment, here, upon the soundness of this decision; it is sufficient to say that it does not necessarily conflict with the decisions heretofore rendered in this matter, as Miss Gilman is not the heir or next of kin of the minors in this case, and the accumulation would not come to her by law, upon their death, if it had been paid over to them. If it was intended, however, to hold, in the Meserole case, that it is not necessary that the accumulation should be for the *exclusive* benefit of minors in being at the time the accumulation is to commence, unless, perhaps, the minor should die during his minority, then it

is opposed to all the cases on the subject decided up to that time and since, except the case of Hegeman v. Moore, which was decided on the authority of Meserole v. Meserole, upon the principle of *stare decisis*, and without much discussion of the questions of law involved (see opinion of GILBERT, J., at special term, and opinion of general term; 1 R. S., 726, § 38; Haxtun v. Corse, *2 Barb. Ch., 506;* Vail v. Vail, *4 Paige, 317;* Boynton v. Hoyt, *1 Denio, 53, 58;* Craig v. Craig, *3 Barb. Ch., 76, 92, 93;* Lang v. Ropke, *5 Sandf., 363;* Barbour v. De Forest, *N. Y. Daily Reg., May 27th, 1881;* Bolton v. Jacks, *6 Robt., 166; In re* Davison, *6 Paige, 136, 139;* Stagg v. Jackson, *2 Barb. Ch., 86, 96;* Forsyth v. Rathbone, *34 Barb., 388, 402, 409;* Harris v. Clark, *7 N. Y., 242, 257, 260;* Manice v. Manice, *43 N. Y., 303, 380*).

In Vail v. Vail (*4 Paige, 317*), there was an implied accumulation of income of personal property; the estate was to be divided among the testator's children and their issue, when his youngest child should become twenty-five years of age, or as soon thereafter as his widow should die, and not before. The shares of the children were to be invested, in the name of the executors as trustees, for them respectively, and the income was to be paid to the children for life. The testator directed that the portion of each child, after his or her death, should go to the issue of such child, if any there was, and, if none, then to be divided among the surviving children and the issue of such as had died, *per stirpes,* or in such other manner as the child dying without issue might by will direct. The accumulation was held to be for the benefit of the issue of the children to whom the residuary fund was ul-

timately given, and, on that account, was declared void. It is not enough that the minor be benefited by the accumulation; it must be for his *sole* benefit, and in Hawley v. James (*supra*) the Chancellor points out how easily the object of the statute could be defeated, if it were not necessary that the accumulation should be for the *sole* benefit of the infant during whose minority the accumulation is to continue. He says:" Judging from the peculiar form of the clause in this will, by which the trust term is devised, I am inclined to think the testator has acted upon the erroneous supposition that an accumulation of the rents and profits of his estate would be valid, if one or more infants in being at the making of the will were to be benefited thereby, provided such accumulation was not continued beyond the minorities of all such infants, and without reference to the extent of the beneficial interests which such infants were to take in the accumulated fund. It is evident, however, that such could not have been the intention of the legislature. For, if such a construction should be put upon the statute, the accumulation of an estate for twenty years could always be secured by selecting several infants, upon whose minorities the trust term should be limited, and giving to them mere nominal limited interest in the accumulated fund. The only way to prevent this is to give that construction to the statute which, from the notes of the revisers, it is evident they intended should be given to the language employed to convey the meaning of the legislature; that is, to allow an accumulation of the rents and profits only in those cases where the accumulated fund is for the sole benefit of one or more minors, if they live until they are of age, who are in existence at the time the accumulation

is directed to commence, and who will continue such minors, if they live until the accumulation ceases.  Or, in the language of the revisers' note, 'during the minority of any person or persons who, under the deed or will directing the accumulation, would, if then of full age, be entitled to such rents and profits.'"  The construction put upon the statute by the revisers is also approved by the Court of Appeals, in Manice v. Manice (*43 N. Y.*, on p. *381*).

It is clear, therefore, that the accumulation, to be valid, must be for the sole benefit of minors; that is to say, the *accumulated fund itself* must be directed to be paid to the minor on his arriving of age, or perhaps later (Robison v. Robison, *5 Lans., 165, 169*); or perhaps, again, if the case of Meserole v. Meserole is to be sustained, the accumulated fund must be given to the minor for life, or in trust for his benefit during his life, with remainder over to his heirs or next of kin.

Under this construction of the statute, it is evident that Miss Gilman is not entitled to share in the accumulated fund.

But it is claimed, on her behalf, that this view of the law is at variance with the decision of the Court of Appeals on the construction of this same will of Nathaniel Gilman (Gilman v. Reddington, *24 N. Y., 9*); that the Court of Appeals, in that case, held that the accumulation of income during the minority of the children of the testator was valid, and that the accumulated fund passed with the *corpus* of the estate to his adult widow, brothers and sisters, upon the death of all his children, without issue, and under thirty years of age.  It is true that the Court of Appeals seems to have held, in that case, that

the accumulation of income during the minority of the children of the testator was valid; and that is not disputed by the executors, but there is nothing in the opinion of the court from which it may be justly inferred that it was intended to hold that the accumulation was valid, notwithstanding that it passed with the *corpus* of the estate to the adult widow, brothers and sisters of the testator.   Such a decision would be at variance with all the authorities on the subject above cited, and it is difficult to believe that the court intended to overrule or disapprove of those authorities, including its own decision in Harris v. Clark (*supra*), without referring to a single one of them, or without expressly stating, in terms not to be misunderstood, that it had reached the conclusion claimed by the learned counsel for Miss Anna Gilman. It is much more reasonable to suppose that the court considered that the accumulation of income vested *absolutely* in the minor children of the testator who had a vested interest in the *corpus* of the estate (Bolton v. Jacks, *6 Robt., 166, 229;* Manice v. Manice, *43 N. Y., 363, 380, 381;* Hetzel v. Barber, *69 N. Y., 1, 8*), and that the limitation over, of the *corpus* of the estate, to the widow, brothers and sisters of the testator did not carry with it the accumulated fund (Matter of Davison, *6 Paige, 136, 139*).

If, then, the accumulation is valid, Miss Gilman has no interest in it, and the result is the same if it is invalid, for, in that case, the rents and income directed to be accumulated belong to the persons presumptively entitled to the next eventual estate (1 R. S., 726, § 40; id., 773, § 2), and those persons are the

children of the testator (Gilman v. Reddington, *24 N. Y, 9, 19*).

Ordered accordingly.