NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1882.

SCHMITT v. KAHRS.

*In the matter of the estate of* JOHN SCHMITT, *deceased.*

Testator, by his will, gave his wife certain legacies, and the income of certain leasehold property for her support and that of his minor children. He further directed that a house and lot be sold, and one half of the income of the proceeds of sale be paid his wife until his "youngest child *then* living" attained majority; that the other half of such income accumulate, and the entire principal and the accumulations be divided "between my said children who shall be *then* living and the lawful issue of any who may have died leaving child or children, equally, when my youngest child *then* living shall be twenty-one years of age; and in case any of my said children shall die before my youngest child *then* living shall be twenty-one years of age leaving lawful issue, such issue shall take the share of its deceased parent." Six children survived testator. On an application, during their lifetime and the minority of three of them, by the widow, to compel payment of a por-

tion of the trust fund for the infants' support, the adult children not being made parties,

*Held*, that the order must be refused for want of necessary parties, viz.: (1) the adult children, who, if alive at the attainment of majority by the "youngest child," would be entitled to share in the fund; and (2) the possible issue of such children as should die before such event,—whose right, during the life of the trust, was not extinguishable by any consent or waiver.

As to whether the time intended, in the expression "youngest child *then* living," was (1) that of testator's death, so as to entitle at least one infant to an advance from the fund, or (2) that of the attainment of majority by such child as should in fact live to be twenty-one years of age, and be the youngest child then living, thus contravening the statutory restrictions of accumulations, *quære*.

APPLICATION by Susannah Schmitt, testator's widow, for an order for the payment to her of certain moneys out of his estate, for the support of his infant children; opposed by Cord Kahrs and Jacob Zahn, executors and trustees. The facts appear sufficiently in the opinion.

ROBERT BENNER, *for petitioner.*

L. S. GOEBEL, *for executors and trustees.*

THE SURROGATE.—The widow of the testator asks the court to direct the payment, out of the funds of the estate, of certain moneys for the support and maintenance of the testator's minor children, the youngest of whom is now fifteen years old.

The testator bequeathed the income of certain leasehold property to his widow for the support and maintenance of herself and of his minor children. He bequeathed to her, outright and without reference to the children, the proceeds arising from the sale of a barber's shop, and, also, certain moneys in bank. He directed that a certain house and lot should be sold; that the income of one half its proceeds should be paid to his wife until his

"youngest child *then* living" should reach the age of twenty-one years; that the other half of the proceeds of such sale should be suffered to accumulate and be from time to time invested, and that such accumulations, together with the whole of the original proceeds of such sale, should be divided—in the language of the will—"between my said children who shall be *then* living and the lawful issue of any who may have died leaving child or children, equally, when my youngest child then living shall be twenty-one years of age; and in case any of my said children shall die before my youngest child then living shall be twenty-one years of age leaving lawful issue, such issue shall take the share of its deceased parent."

The deceased left six children, of whom all are now living and three are of age. Counsel for the trustees insists that the circumstances of the infants and the widow are such as to make unnecessary any allowance for maintenance. Without passing upon this question, it seems to me that, on the face of the will itself, there appear insurmountable obstacles to granting the prayer of this petition.

1st. The adult children, in case they shall be alive when the "youngest child" attains his majority, will be entitled in their own right to share in the fund and its accumulations, and entitled also to take by substitution a portion, at least, of the share of such of the other children of the testator as may in the meantime have died without issue.

Now, these adult children are not parties to this proceeding, and do not appear to have consented to the granting of any allowance for maintenance. Indeed, even if such consent were procured, it would apparently prove unavailing.

The right of the possible issue of each of the several children of the testator to the share of his parent, in the event of such parent's dying during the continuance of the trust, cannot be extinguished by any consent or waiver (In matter of Davison, *6 Paige, 136;* In matter of Ryder, *11 Paige, 185;* In matter of Turner, *10 Barb., 552;* Deen v. Cozzens, *7 Robt., 178;* Ex parte Kemble, *11 Ves., 604;* Errat v. Barlow, *14 Ves., 202;* Turner v. Turner, *4 Sim., 430*).

2d. It is doubtful what is the meaning of the expression "the youngest child then living," which occurs several times in the will. If it means the youngest child who should be living at the testator's death, then it may be urged, with some force, that that particular child is entitled to take in any event, and that, so far as he is concerned, his share, even in the event of his death before attaining his majority cannot be diverted, by the provisions of this will, to his surviving brothers and sisters. And it may, accordingly, be claimed as a necessary inference, that, if such an interpretation of the expression "the youngest child then living" be accepted as correct, the claim for maintenance should be at least sustained so far as relates to this particular child. But the will is by no means clear in this regard. It is not, for example, a strained or unnatural construction of its terms to conclude that the testator, in his reference to the coming of age of his "youngest child then living," had in mind something very different from that which has just been suggested; that he intended that the accumulations should continue until such time as the coming of age of that one of the children· (*whichever* it might be), who should in fact live to be of the age of twenty-one years,

and be the youngest child *then* living. In other words, it may be that the word "then" refers, in point of time, not to the death of the testator, but to the coming of age of such one of his minor children as might *then* be the youngest child, even though he had become such by the death of one or more of his younger brothers or sisters.

This presents the serious consideration whether the accumulation thus directed is not such an accumulation as is directly prohibited by the statute (Rev. Stat., part 2, ch. 4, tit. 4, §§ 3 and 4; *3 Banks, 7th ed., 2257*).

Upon the final accounting of these executors, they were directed to retain, as trustees under the will, the principal and accumulations in which the children are interested. But the questions above discussed were not then determined, and manifestly cannot be determined in this proceeding for the lack of necessary parties (Riggs v. Cragg, 89 *N. Y.*, 479). The motion must, therefore, be denied.

Ordered accordingly.