HACKER et al. v. HACKER et al.

(Supreme Court, Special Term, Rockland County. January 22, 1912.)

1. PERPETUITIES (§ 6*)—SUSPENSION OF ALIENATION—ACCUMULATIONS.
    The first paragraph of H.'s will devised the remainder of his estate, both real and personal, to his nephew; and the second paragraph provided "that said estate shall not be given or sold only in the name of the H. family and must remain the H. estates forever"; and another clause

devised a certain sum to Y. *Held*, that testator's intention was to give his nephew a life estate without absolute power to convey, and to perpetuate his estate except the legacy to Y. in the name and for the benefit of the H. family, thus illegally suspending the power of alienation and providing for an unlawful accumulation.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–56; Dec. Dig. § 6.*]

2. WILLS (§ 81*)—VALIDITY—INVALIDITY IN PART.

Where material illegal provisions of a will cannot be separated from the remainder without defeating its general purpose, the whole will is void.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 202; Dec. Dig. § 81.*]

3. WILLS (§ 81*)—PARTIAL INVALIDITY—EFFECT.

Where it is apparent from the terms of a will that testator intended to limit a devisee to a life estate, and the provision for the remainder is invalid, as violating the rule against perpetuities, the life estate cannot be enlarged into a fee simple, but both provisions must fail.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 202; Dec. Dig. § 81.*]

Action by Clara Hacker and others against Joseph Carl Hacker and another. Findings directed in part for plaintiffs as stated.

Katz & Sommerich, for plaintiffs.
Harvey De Baun, for defendants.

TOMPKINS, J. This is an action to construe the last will and testament of Ulrich Hacker, which provides as follows:

"First. After my lawful debts are paid, I give, devise and bequeath all the remainder of my estates, both real and personal, to my nephew Joseph Carl Hacker. My farm and house and furniture household goods therein contained where I now reside at Nanuet in the town of Clarkstown, county of Rockland, and state of·New York.

"Second. That the said estate shall not be given or sold only in the name of the Hacker family, and must remain the Hacker estates forever.

"Third. I hereby nominate and appoint my nephew Joseph Carl Hacker the executor of this, my last will and testament, and hereby authorize and empower him, the said Joseph Carl Hacker, to compromise and settle any claims or demand which may be against or in favor of my said estate.

"Fourth. I give, devise and bequeath to Phillip Young one thousand dollars."

[1] The plan and scheme of the testator's will was to give all of his estate to Joseph Carl Hacker, except the $1,000 legacy to Phillip Young; and that such of his estate, both real and personal, as should go to his nephew, Joseph Carl Hacker, should forever remain in the name of the Hacker family, "and must remain the Hacker estates forever"; and the will provides that the said estate shall only be disposed of in the name of the "Hacker family." The testator's plan seems to have been to perpetuate all of his estate save the $1,000 legacy, in the name and for the benefit of the "Hacker family," limiting, in effect at least, the interest of his nephew, Joseph Carl Hacker, to a life estate, and without absolute power to sell or dispose of the property as he might see fit. This, of course, is an illegal sus-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pension of the power of alienation, and provides as well for an unlawful accumulation, and is void.

[2, 3] While an invalid and ineffective provision in a will may be ignored, and effect be given to other provisions that are in themselves valid, yet that cannot be done where the clear intention of the testator would be thereby defeated, and the entire scheme of his will thwarted.

Here it seems to me that to hold the second clause of the will invalid, and to so construe the will that the entire estate goes absolutely to the nephew, Joseph Carl Hacker, would be to disregard the testator's wish and defeat his plan, and the rule in such a case seems to be:

"Where material provisions of a will are illegal, and cannot be separated from the rest without defeating its general scheme, the whole is void, and the property must be disposed of as in case of an intestacy." Harris v. Clark, 7 N. Y. 242.

It is clear that it was not the testator's intention to give the entire estate absolutely to his nephew; and yet that would be the effect if the court should hold the first clause of the will to be valid, and the second void. It seems to me that the first and second clauses of the will must be read together and both held to be void; and that as to all of the property, real and personal, of the testator, except the $1,000 legacy to Phillip Young, he must be deemed to have died intestate.

I have not overlooked the rule that a clear and decisive bequest or devise cannot be cut down or taken away by words in a subsequent clause that are not as clear and decisive as the bequest or devise; but it seems to me, in this will, that the testator's intention that his nephew, Joseph Carl Hacker, should not have the absolute ownership, is made very clear by the second clause of the will, and is as explicit and decisive of his intent as are the provisions of the first clause of said will. The testator evidently did not intend to die intestate as to any part of his estate, else he would not have made a will at all; but he did endeavor to dispose of his estate by will in a manner contrary to law, and thereby failed to dispose of it at all, except the $1,000 bequeathed to Young.

Submit findings in accordance herewith, and counsel for the defendant Hacker is given 10 days within which to submit requests to find.